■ In the Matter of "MALE" JONES, Also Known as MARC J. BURRELL. ST. CHRISTOPHER-OTTILIE, Appellant; DEBBIE JONES et al., Respondents.—Order, Family Court, New York County (Sheldon M. Rand, J.), entered September 9, 1986, which, *inter alia,* granted respondents' motions to vacate their defaults and the June 18, 1986 order entered thereon, sustaining, after inquest, the allegations of permanent neglect against respon-

dents, unanimously reversed, on the law and on the facts and in the exercise of discretion, without costs or disbursements, the motions denied and the matter remanded for a dispositional hearing.

As Family Court itself recognized, the arguments tendered by both respondents in support of their motion to vacate their defaults in this permanent neglect proceeding were "specious". After the assignment of counsel, the mother appeared just once, and thereafter absented herself on the four other court dates through inquest. The respondent father appeared on two other occasions. On the last court date before inquest, the father's attorney, who had notified the father of that date, was unable to offer a legal excuse for his client's absence. Similarly, the attorney for the respondent mother could offer no excuse for her absence. The adjournment given on that date to May 12, 1986 was a final one. Neither respondent appeared on May 12, 1986. After rejecting a request for an adjournment by the attorney for the respondent father, the case proceeded to inquest. Suffice to say, the evidence adduced thereat clearly and overwhelmingly demonstrates permanent neglect by both respondents. In moving to vacate her default, the respondent mother claimed that she was too ill to travel on the day of the hearing. The nature of the illness was not disclosed, nor was there any substantiation of her claim. The father claimed that he had insufficient funds to travel to New York from Baltimore. That same excuse had been proffered and rejected by the court as spurious at the last appearance.

A trial court's exercise of discretion in relieving a party of a default will not be sustained unless the moving papers demonstrate both a reasonable excuse and a meritorious defense. (See, Justus v Justus, 92 AD2d 858; Small v Applebaum, 79 AD2d 572; Krebs v Raborg, 30 AD2d 520.) The standard is no different in a permanent neglect proceeding. (CPLR 5015 [a]; see, Social Services Law § 384-b [3] [f]; Family Ct Act § 165 [b]; see also, Family Ct Act § 165 [a].) Respondents' moving papers failed to demonstrate either of the requisite grounds for obtaining relief. As indicated, neither respondent proffered a reasonable excuse for failing to appear at the May 12th hearing. Moreover, neither respondent presented facts disclosing a meritorious defense. The father merely intoned that he had a meritorious defense. Conclusory statements are insufficient to establish merit. (See, Wall v Bennett, 33 AD2d 827; Monette v Bonsall, 29 AD2d 839.) The proposed defense set forth by his attorney—the agency's failure to make diligent efforts—is factually unsupported and completely belied by the

social work supervisor's inquest testimony detailing the extensive efforts made by her and the assigned caseworkers to assist and encourage both parents in planning for the child. The mother's conclusory statements are similarly belied by the supervisor's testimony. That testimony documented the agency's attempts to provide both parents with counseling, therapy, direct social services, assistance in finding appropriate housing and the opportunity for frequent and efficacious visitation.

Since neither legal excuse for respondents' nonappearance nor a meritorious defense was demonstrated, the motions to vacate should have been denied. We reverse and remand for a dispositional hearing. Concur—Sandler, J. P., Sullivan, Carro and Ellerin, JJ.