■ In the Matter of NATHALIE A. ST. VINCENT'S SERVICES, INC., et al., Respondents; OLGA A., Appellant.—In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights, the mother appeals from an order of the Family Court, Kings County (Pearce, J.), dated July 2, 1986, which denied her motion to vacate an order of disposition of the same court,

entered March 26, 1986, made upon her default, which, *inter alia,* terminated her parental rights on the ground of permanent neglect.

Ordered that on the court's own motion the appellant's notice of appeal is treated as an application for leave to appeal, the application is referred to Justice Sullivan, and leave to appeal is granted by Justice Sullivan (CPLR 5701 [b] [1]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

On her motion pursuant to CPLR 5015 (a) to vacate her default, the appellant mother was required to demonstrate both a reasonable excuse for the default and a meritorious defense to the proceeding *(see, Matter of Jones,* 128 AD2d 403; *see generally, Barasch v Micucci,* 49 NY2d 594). The papers submitted in support of the instant motion failed to satisfy either of these requirements. The appellant merely advanced a vague and wholly unsubstantiated allegation to the effect that she failed to appear at the hearing and to contact the court and her counsel because she was suffering from an unspecified illness *(see, Matter of Jones, supra; see also, Zolov v Donovan,* 138 AD2d 484). Similarly, she alleged in conclusory fashion that she possessed a meritorious defense to the proceeding, but did not controvert the evidence against her and presented no facts in support of her alleged defense *(see, Matter of Jones, supra).* In view of the foregoing and the appellant's repeated failure to appear in court, the Family Court acted properly in denying her motion to vacate the default. Mangano, J. P., Bracken, Eiber, Spatt and Sullivan, JJ., concur.