■ In the Matter of SHIRLEY C. et al. ST. VINCENT's SERVICES, INC., et al., Respondents; ROGER C., Appellant.—In consolidated proceedings pursuant to Social Services Law § 384-b to terminate parental rights, the appeal is from an order of the Family Court, Kings County (Greenbaum, J.), dated November 6, 1987, which denied the father's motion to vacate an order of disposition of the same court, entered June 3, 1987, upon his default, which terminated his parental rights on the ground of mental illness.

Ordered that on the court's own motion the appellant's notice of appeal is treated as an application for leave to appeal, the application is referred to Justice Balletta, and leave to appeal is granted by Justice Balletta (CPLR 5701 [b] [1]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

The instant proceedings were commenced by personal service of notices of petition and petitions upon the appellant in December 1985 seeking to terminate his parental rights pursuant to Social Services Law § 384-b on the ground of his mental illness. The children were then approximately 4½ and 2½ years old, respectively, and had been in foster care since at least June 1983 when their mother died. The matter was initially set down for January 23, 1986, and thereafter was

adjourned some seven times before coming on for an inquest on March 24, 1987. The appellant appeared in court only once, on March 11, 1986, although he had notice of many of the court dates. In addition, he had failed on three prior occasions to keep scheduled court-appointed psychiatric interviews.

At the inquest, the medical records of the appellant's numerous psychiatric hospitalizations were introduced into evidence, as was the testimony of a psychiatrist who diagnosed the appellant as a chronic paranoid schizophrenic whose prognosis was poor. The evidence further established that there was no real cure for the appellant's illness, and that the appellant could not properly care for his children. Accordingly, the hearing court terminated his parental rights on the ground of mental illness. The appellant subsequently moved to vacate the order of disposition entered upon his default. The court denied his motion.

It is well established that a party seeking to be relieved of a default pursuant to CPLR 5015 must establish both a reasonable excuse for the default, and the existence of a meritorious case *(Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693). Even if the appellant had shown an arguably reasonable excuse for his default, he clearly failed to make any showing that he has a meritorious defense. The conclusory assertions contained in his moving papers, without more, are insufficient to justify vacating the default *(see, Wall v Bennett,* 33 AD2d 827). Accordingly, the Family Court properly denied his motion *(see, Matter of Jones,* 128 AD2d 403). Thompson, J. P., Lawrence, Rubin, Harwood and Balletta, JJ., concur.