■ BERNARD WEISS, Respondent, v JOSEPH CROCE et al., Defendants, and VIVIAN CROCE, Appellant.—In an action to foreclose a mortgage, the defendant Vivian Croce appeals from an order of the Supreme Court, Suffolk County (Cannavo, J.), dated October 18, 1988, which denied her motion to vacate a judgment of foreclosure and sale entered upon her default.

Ordered that the order is affirmed, with costs.

The plaintiff Bernard Weiss commenced this action to foreclose a second mortgage on the property owned by the defendant Vivian Croce. Although Ms. Croce answered the complaint, she failed to oppose the plaintiff's motion for summary judgment, which was granted upon her default. These parties thereafter entered into a stipulation which provided that the plaintiff would not enter a judgment for six months in order to permit Ms. Croce to refinance the mortgage or sell the premises. Upon Ms. Croce's failure to meet these conditions, a judgment of foreclosure and sale was entered.

Ms. Croce brought the instant motion to vacate her default on the grounds, *inter alia,* of law office failure and fraud in the mortgage transaction.

Even if we assume that law office failure constituted a reasonable excuse for Ms. Croce's default on the motion for summary judgment, she must nevertheless establish that there exists a meritorious defense to this action *(see, Pedone v Avco Fin. Servs.,* 102 AD2d 885). It is well settled that " 'a mortgagor is bound by the terms of his [or her] contract as made and cannot be relieved from his [or her] default, if one exists, in the absence of waiver by the mortgagee, or estoppel, or bad faith, fraud, oppressive or unconscionable conduct on the latter's part' " *(Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 183; *Johnson v Gaughan,* 128 AD2d 756). Ms. Croce's conclusory allegations are insufficient to establish that any such defense exists. Furthermore, she failed to offer any grounds to set aside the stipulation in which she agreed that the plaintiff could proceed to enforce the judgment after six months if she were unable to satisfy

the mortgage debt. Sullivan, J. P., Harwood, Miller and O'Brien, JJ., concur.