OPINION OF THE COURT
Carmen J. Cognetta, Jr., J.
The proceeding herein was commenced by the Society for *103 Seamens Children by petition dated June 26, 1990. Publication of the summons directed to respondent mother was ordered on July 24, 1990. Subsequent to the publication on August 21, 1990, the respondent mother was located. Service by mail was effectuated. On the adjourned date of November 13, 1990, respondent mother failed to appear, but notified the court of her inability to do so. On the next court date of December 21, 1990, the respondent did appear and a hearing was set for January 14, 1991. Respondent notified the court that she would be unable to appear on January 14, 1991, and the court set February 22, 1991, as the adjourned date for the fact-finding and dispositional hearing. As of 11:25 a.m. on February 22, 1991, there was no appearance by respondent mother and an inquest was held. On March 6, 1991, the order terminating respondent’s parental rights and committing the guardianship and custody of the child to petitioner was granted. By order to show cause dated April 4, 1991, respondent mother moves to vacate the above-mentioned inquest and dispositional order.
To vacate an order, pursuant to CPLR 5015, it is required that the movant demonstrate both a reasonable excuse and a meritorious defense (Matter of Shirley C., 145 AD2d 631). Petitioner requests that the application be denied due to a lack of a meritorious defense.
Respondent is a resident of Albany, New York and in her petition, she states that on February 22, 1991, she attempted to take the 7:00 a.m. bus from Albany to New York City for the purpose of attending the court hearing. Upon learning that the 7:00 a.m. bus was canceled, respondent took the next scheduled bus and arrived on Staten Island at approximately 12 noon. When she arrived in court, she was informed that the case had been called and the inquest taken.
The court notes that respondent did appear on the date the hearing was scheduled and, in effect, was only hours late for her court appearance due to circumstances beyond her control. With reference to contacting the court regarding her delay, given the congestion that can occur in a bus terminal and the fact that the bus departed from Albany before the court opened, it is certainly understandable that respondent was unable to contact the court that she would be arriving late. Given the circumstances described, it would appear that respondent has the requisite reasonable excuse to satisfy the necessary standards of CPLR 5015. Although there is case law denying a motion to vacate on what may seem to be reason *104 able excuses, these cases can be distinguished on their facts. In Matter of "Male” Jones (128 AD2d 403) and Matter of Nathalie A. (NYLJ, Jan. 5, 1989, at 26, col 1), the nature of the illnesses given as excuses were described by the courts as "undisclosed” and "unspecified”, respectively. The courts questioned the credibility of the illnesses in these cases. The courts, also, made reference to the fact that respondents had missed numerous court appearances. In the case at hand, respondent mother’s excuse appears credible and the February 22, 1991 court date is the first court appearance missed by respondent without notification to the court.
When considering the seriousness of the result in a termination of parental rights case as opposed to that of a standard civil action, it would appear that a different standard should he required. In the case of D'Alleva v D'Alleva (127 AD2d 732, 734), the court states: "We start with the concept that the general rule with respect to opening defaults in other civil actions is not to be applied so rigorously in a matrimonial action * * * With the stakes involving the termination of a marriage, the custody of children and the distribution of marital property, our courts have reiterated a liberal policy of vacating defaults in matrimonial actions”. If opening a default in a matrimonial is viewed in a liberal light, it would be even more applicable to the present situation in which parental rights are being permanently terminated.
Furthermore, the standard of proof required for termination of parental rights is clear and convincing (Family Ct Act § 622), rather than a preponderance, the applicable standard for civil cases. The fact that the higher standard is required further demonstrates the caution and seriousness with which termination is viewed.
Pursuant to the Family Court Act, permanent termination of parental, rights is a two-step process. Section 622 of the Family Court Act requires a fact-finding hearing, at which time the allegations of permanent neglect must be proven, supported by clear and convincing proof. Once the allegations are proven the second step is a dispositional hearing "to determine what order of disposition should be made in accordance with the best interests of the child” (Family Ct Act § 623).
With reference to the meritorious defense requirement of CPLR 5015, a respondent, in a termination proceeding, has the opportunity to present to the court at the dispositional *105 hearing available plans for the care of the child which, if granted in the best interests of the child, could allow the parent to retain his or her parental rights. Therefore, even without a meritorious defense to the fact-finding, a respondent may have the opportunity to regain custody of his/her child pursuant to the dispositional order (see, Family Ct Act §§ 631, 633). In light of the procedural structure of a termination and the respondent’s credible and reasonable excuse, the court finds that a more liberal position should be taken when viewing the requirement of a meritorious defense.
Respondent’s motion to vacate the inquest and disposition is granted. A hearing is set for June 5, 1991.