■ In the Matter of EDWARD TYRELL B. and Others, Children Alleged to be Neglected. TALBOT PERKINS CHILDREN'S SERVICES, Respondent; DIANE B., Appellant. [618 NYS2d 1016] — Order, Family Court, New York County (Mary Bednar, J.), entered October 18, 1993, which denied respondent's motion to vacate a prior order, same court and Judge, entered April 23, 1991, terminating her parental rights and transferring guardianship and custody of the subject children to petitioner agency for the purposes of adoption, following a fact-finding determination of permanent neglect, unanimously affirmed, without costs.

We agree with Family Court that respondent showed neither a reasonable excuse nor a meritorious defense in support of her motion to vacate her defaults at both the fact-finding and dispositional hearings (see, Matter of "Male" Jones, 128 AD2d 403). Concerning the merits, the record shows that respondent continuously resisted diligent efforts by petitioner to develop and encourage the parental relationship, including its numerous attempts to obtain treatment for her drug and alcohol problems. While an agency is obliged to make diligent efforts to encourage and strengthen the parental relationship (Social Services Law § 384-b [7] [f]), such efforts are subject to the rule of reason that the agency not be " 'charged with a guarantee that the parent succeed in overcoming his or her predicaments' ", and will be deemed to have fulfilled its duty if it " 'has embarked on a diligent course but faces an utterly un-co-operative or indifferent parent' " (Matter of O. Children, 128 AD2d 460, 464, quoting Matter of Sheila G., 61 NY2d 368, 385). The record also shows that respondent failed to maintain contact with and plan for the future of the subject children within the meaning of Social Services Law § 384-b (7) (a)-(c). Concur—Carro, J. P., Wallach, Kupferman, Ross and Williams, JJ.