■ In the Matter of JAZEL DOMINIQUE D., Also Known as GISELLE D., and Others, Children Alleged to be Neglected and

Abandoned. St. Christopher-Ottilie, Respondent; Joan Leslie D., Appellant. [618 NYS2d 419] —In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of the Family Court, Kings County (Yancey, J.), entered November 9, 1993, which denied her motion to vacate three orders of disposition of the same court, all dated June 11, 1993, made upon her default, which terminated her parental rights to Jazel Dominique, Jannel Maurice, and Lance Michael, respectively, all on the ground of abandonment.

Ordered that the order is affirmed, without costs or disbursements.

The appellant failed to meet the requirement of CPLR 5015 (a) that she provide a reasonable excuse for her failure to appear on the day of the inquest and dispositional hearing, and demonstrate a meritorious defense to the proceeding *(see, Matter of Raymond Anthony A.,* 192 AD2d 529; *Matter of Shirley C.,* 145 AD2d 631; *see generally, Matter of Geraldine Rose W.,* 196 AD2d 313, 316). Although the appellant claimed to have been waiting to see her boyfriend, who was in the infirmary at the Brooklyn House of Detention approximately three blocks from the Family Court, at the time the hearing was scheduled, she failed to explain why she never notified the court or her attorney of her predicament *(see, Matter of Raymond Anthony A., supra,* at 529). Moreover, her affidavit stated facts and conclusory assertions which were insufficient to support a meritorious defense *(see, e.g., Matter of Raymond Anthony A., supra; Matter of Shirley C., supra; Matter of Nathalie A.,* 145 AD2d 629; *Matter of "Male" Jones,* 128 AD2d 403). Accordingly, the Family Court properly denied her motion to vacate the orders of disposition. Thompson, J. P., Balletta, Rosenblatt and Florio, JJ., concur.