■ In the Matter of Raheem R. and Others, Children Alleged to be Neglected. Tynetta R., Appellant; Talbot Perkins Children's Services, Respondent. [637 NYS2d 718] —Order, Family Court, New York County (Leah Marks, J.), entered on or about March 3, 1994, which denied respondent's motion to vacate a default judgment, entered April 3, 1991, *inter alia,* terminating respondent's parental rights to the subject children upon a finding of permanent neglect, unanimously affirmed, without costs.

The record contains ample support for Family Court's finding that the petitions to terminate respondent's parental rights were personally delivered to respondent at the time and place indicated in the affidavit of service of petitioner agency's process server, including the accurate description of respondent contained in the affidavit of service, the absence of any explana-

tion of how the alleged place of service could have been on record with the agency as respondent's address at least two months before respondent admits to having taken up residence there, and the absence of any corroborating proof, and indeed the existence of refuting proof, that respondent was living at the address she claims was her residence at the time of service. Nor did respondent adduce facts showing that the agency did not exercise diligent efforts to encourage and strengthen the parental relationship—efforts that included arranging numerous visits with the children, often cancelled by respondent, and numerous attempts to admit respondent to a drug rehabilitation program, unsuccessful for lack of cooperation—or otherwise demonstrate a meritorious defense (*see, Matter of "Male" Jones*, 128 AD2d 403). It is also pertinent that two and a half years passed between the default and respondent's motion to vacate it, during which time she had no contact with the children, who are ready to be adopted by their foster parents. Concur—Murphy, P. J., Sullivan, Rubin, Ross and Tom, JJ.