■ In the Matter of IRIS R., a Child Alleged to be Neglected. ANGEL GUARDIAN CHILDREN & FAMILY SERVICES, INC., Respondent; JOSE R., Appellant, et al., Respondents. In the Matter of DELILAH R., a Child Alleged to be Neglected. ANGEL GUARDIAN CHILDREN & FAMILY SERVICES, INC., Respondent; JOSE R., Appellant, et al., Respondents. [744 NYS2d 685] —In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals from (1) so much of two fact-finding and dispositional orders of the Family Court, Queens County (Lubow, J.), both dated June 7, 2000 (one as to each child), as, after fact-finding and dispositional hearings, and upon his default in appearing at the dispositional hearing, terminated his parental rights and transferred guardianship and custody of the subject children to the Commissioner of Social Services of the City of New York and the petitioner, Angel Guardian

Children and Family Services, and (2) two orders of the same court, both dated December 28, 2000 (one as to each child), which denied his motion to vacate his default in appearing at the dispositional hearing.

Ordered that the appeals from so much of the orders dated June 7, 2000, as terminated the father's parental rights upon his default in appearing at the dispositional hearing, are dismissed, without costs or disbursements, as no appeal lies from those portions of the orders which were entered upon the father's default (*see Matter of Vanessa M.,* 263 AD2d 542); and it is further,

Ordered that the orders dated June 7, 2000, are affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the orders dated December 28, 2000, are affirmed, without costs or disbursements.

Contrary to the father's contention, the petitioner met its burden of establishing, by clear and convincing evidence, that despite its diligent efforts to encourage and strengthen the parental relationship, the father permanently neglected his children (*see* Social Services Law § 384-b [7] [a]; *Matter of Star Leslie W.,* 63 NY2d 136).

To be relieved of his default, the father was required to establish both a reasonable excuse and the existence of a meritorious defense (*see Matter of Irvin R.,* 257 AD2d 624; *Matter of Shirley C.,* 145 AD2d 631). Although the father demonstrated a reasonable excuse for his default, he clearly failed to make any showing that he has a meritorious defense. The conclusory assertions contained in his moving papers, without more, were insufficient to justify vacating the default (*see Matter of Shirley C., supra*). Accordingly, the Family Court providently exercised its discretion in denying his motion (*see Matter of Jones,* 128 AD2d 403). Santucci, J.P., Altman, S. Miller and O'Brien, JJ., concur.