◼ In the Matter of SABRINA MARIE W. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHAEL A.S., Appellant. [757 NYS2d 798] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals, as limited by his brief, from so much of an order of fact-finding and disposition (one paper) of the Family Court, Westchester County (Dickerson, J.), entered February 6, 2002, as, after fact-finding and dispositional hearings, and upon his default in appearing at both hearings, terminated his parental rights on the ground of neglect and transferred custody of the child to the Westchester County Department of Social Services for the purpose of adoption.

Ordered that the appeal is dismissed, without costs or disbursements.

The Family Court held separate fact-finding and dispositional hearings. At both hearings the appellant failed to appear and his attorney, although present, did not participate in either proceeding. Accordingly, the order of fact-finding and disposition was entered upon the appellant's default and is not appealable (see CPLR 5511; Matter of Smith v Richards, 286 AD2d 393 [2001]; Matter of Vanessa M., 263 AD2d 542, 543 [1999]; Matter of Geraldine Rose W., 196 AD2d 313 [1994]; see also Matter of Yarbough v Franco, 95 NY2d 342, 347 [2000]). The proper procedure was for the appellant to move to vacate the default and, if necessary, appeal from the order determining that motion (see Matter of Geraldine Rose W., supra). S. Miller, J.P., Krausman, Townes and Mastro, JJ., concur.