◼ In the Matter of JESSICA DEE D. JEWISH CHILD CARE ASSOCIATION, Respondent; ALEXANDRA B., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of STEPHINE DEE D. JEWISH CHILD CARE ASSOCIATION, Respondent; ALEXANDRA B., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of SABRINA LUCIA B. JEWISH CHILD CARE ASSOCIATION, Respondent; ALEXANDRA B., Appellant. (Proceeding No. 3.) In the Matter of MARISSA LUCIA B. JEWISH CHILD CARE ASSOCIATION, Respondent; ALEXANDRA B., Appellant. (Proceeding No. 4.) [774 NYS2d 384]—In four related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals (1), as limited by her brief, from so much of two orders of fact-finding and disposition of the Family Court, Queens County (Freeman, J.), both dated March 14, 2002 (one each as to Jessica Dee D. and Stephine Dee D.), entered upon her default in appearing at the fact-finding and dispositional hearings, as terminated her parental rights and transferred guardianship and custody of Jessica Dee D. and Stephine Dee D. to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption, (2) from two orders of fact-finding and disposition of the same court, both also dated March 14, 2002 (one each as to

Sabrina Lucia B. and Marissa Lucia B.), entered upon her default in appearing at the fact-finding and dispositional hearings, which terminated her parental rights and transferred guardianship and custody of Sabrina Lucia B. and Marissa Lucia B. to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption, and (3) an order of the same court dated May 29, 2002, which denied her motion to vacate her default in appearing at the fact-finding and dispositional hearings.

Ordered that the appeals from the orders dated March 14, 2002, entered upon the mother's default in appearing at the fact-finding and dispositional hearings, are dismissed, without costs or disbursements, as no appeals lie from orders entered upon the default of the appealing party (*see Matter of Sabrina Marie W.,* 304 AD2d 768 [2003]; *Matter of Klifton Joshua W.,* 284 AD2d 474 [2001]; *Matter of Little Flower Children's Servs. v Marianne G.,* 243 AD2d 565 [1997]; *Matter of Geraldine Rose W.,* 196 AD2d 313 [1994]; CPLR 5511); and it is further,

Ordered that the order dated May 29, 2002, is affirmed, without costs or disbursements.

The Family Court properly concluded that the mother failed to demonstrate a reasonable excuse for her default (*see Matter of Joei R.,* 302 AD2d 334 [2003]; *Matter of Ashley Marie M.,* 287 AD2d 333 [2001]; *Matter of Monica Irene C.,* 262 AD2d 69 [1999]; *Matter of Male J.,* 214 AD2d 417 [1995]; *Matter of Paul H.,* 208 AD2d 402 [1994]; *Matter of Jones,* 128 AD2d 403 [1987]) and a meritorious defense to the proceedings (*see Matter of Edward Tyrell B.,* 208 AD2d 434 [1994]; *Matter of Jones, supra,* at 404-405). Accordingly, the court properly denied her motion. S. Miller, J.P., Luciano, Adams and Townes, JJ., concur.