In the Matter of ZABRINA M., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DANIEL M., SR., Appellant. (Appeal No. 1.) [794 NYS2d 255]—

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered March 9, 2004 in a proceeding pursuant to Social Services Law § 384-b. The order adjudged that Zabrina M. is a permanently neglected child and terminated respondent's parental rights.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent contends that Family Court erred in denying his motion to vacate a default finding of permanent neglect made after his failure to appear at the continuation of the fact-finding hearing. To vacate a default in a proceeding pursuant to Social Services Law § 384-b, a party must demonstrate both a reasonable excuse for the failure to appear and a meritorious defense to the proceeding (*see Matter of Kindra B.*, 296 AD2d 456, 458 [2002]; *Matter of Vanessa M.*, 263 AD2d 542, 543-544 [1999]; *Matter of Jones*, 128 AD2d 403, 404 [1987]). Here, respondent was present in the court when the next court date was announced, and thus his contention that he did not know of that court date is not a reasonable excuse (*see Matter of Shakyra M.*, 270 AD2d 941 [2000], *lv dismissed* 95 NY2d 825 [2000]). Moreover, respondent's conclusory assertion that petitioner failed to exercise diligent efforts is insufficient to raise a meritorious defense (*see Matter of Shirley C.*, 145 AD2d 631, 632 [1988]; *Jones*, 128 AD2d at 404). In any event, the testimony of petitioner's witness, as well as the affidavits of two other witnesses submitted in opposition to the motion, establish that petitioner made repeated referrals for respondent to various programs and belies his contention that petitioner failed to make diligent efforts (*see Jones*, 128 AD2d at 404-405). Because respondent failed to establish a reasonable excuse for his failure to appear or a meritorious defense, the court did not abuse its discretion in denying his motion to vacate the default (*see*

*Shakyra M.*, 270 AD2d 941 [2000]; *see also Matter of Cindy Sarah R.*, 13 AD3d 379 [2004]; *Matter of Aaron R.*, 282 AD2d 464 [2001], *lv dismissed* 96 NY2d 854 [2001]). Present—Green, J.P., Hurlbutt, Martoche, Lawton and Hayes, JJ.