■ In the Matter of CHRISTINA DOMINIQUE B., an Infant. ST. CHRISTOPHER-OTTILIE, Respondent; CONNIE RENEE M., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of VICTORIA LACHRISTIAN B., Also Known as VICTORIA B., an Infant. ST. CHRISTOPHER-OTTILIE, Respondent; CONNIE RENEE M., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of MEGAN NICOLE LOREEN T., Also Known as MEGAN T., an Infant. ST. CHRISTOPHER-OTTILE, Respondent; CONNIE RENEE M., Appellant, et al., Respondent. (Proceeding No. 3.) [800 NYS2d 196]— In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of three orders of fact-finding and disposition of the Family Court, Kings County (Lim, J.), all dated March 25, 2004 (one as to each child), as, after fact-finding and dispositional hearings, and upon her default in appearing at the dispositional hearing, determined that she permanently neglected the subject children, terminated her parental rights, and transferred custody and guardianship of the subject children to the Commissioner of Social Services of the City of New York and St. Christopher-Ottilie for the purpose of adoption.

Ordered that the appeals from so much of the orders of fact-finding and disposition as terminated the mother's parental rights and transferred custody and guardianship of the subject children upon her default in appearing at the dispositional hearing are dismissed, without costs or disbursements, as no appeal lies from those portions of the orders which were entered upon the mother's default (*see Matter of Iris R.*, 295 AD2d 521 [2002]; *Matter of Vanessa M.*, 263 AD2d 542 [1999]); and it is further,

Ordered that the orders of fact-finding and disposition are affirmed insofar as reviewed, without costs or disbursements.

Contrary to the mother's contention, the petitioning agency met its burden of establishing, by clear and convincing evidence, that despite its diligent efforts to encourage and strengthen the parental relationship, the mother permanently neglected her children by failing to plan for their future (*see* Social Services Law § 384-b [7] [a]; *Matter of Michael B.*, 80 NY2d 299 [1992]; *Matter of Star Leslie W.*, 63 NY2d 136 [1984]; *Matter of Sheila G.*, 61 NY2d 368 [1984]).

The mother's remaining contentions are without merit. Schmidt, J.P., Santucci, Luciano and Spolzino, JJ., concur.