■ In the Matter of CHARMAYNE COATES, Appellant, v GREGORY LEE, Respondent. [819 NYS2d 837]—In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (O'Donoghue, J.), dated December 20, 2004, which, inter alia, denied her motion to vacate an order of the same court dated January 26, 2004, which, upon her default in appearing at a hearing, granted the father's petition for sole custody of the parties' child.

Ordered that the order is affirmed, without costs or disbursements.

The determination of whether to relieve a party of an order entered upon his or her default is within the sound discretion of the Family Court (*see Matter of Vanessa F.*, 9 AD3d 464, 464-465 [2004]; *Matter of Aaron R.*, 282 AD2d 464 [2001]; *Sayagh v Sayagh*, 205 AD2d 678, 678-679 [1994]). A party seeking to vacate such an order must establish that there was a reasonable excuse for the default and a meritorious defense (*see* CPLR 5015 [a] [1]; *Matter of Desiree L.T.*, 11 AD3d 703, 704 [2004]; *Matter of Aaron R., supra* at 464). We agree with the Family Court that the mother's conclusory, unsupported allegations failed to demonstrate either of these requisite elements (*see Matter of Vanessa F., supra; Matter of Iris R.*, 295 AD2d 521, 522 [2002]; *Matter of Shirley C.*, 145 AD2d 631, 632 [1988]).

The mother also contends that the Family Court lacked sufficient information to render an informed determination consistent with the best interests of the child. This contention and her remaining contentions are without merit (*see Matter of Grassi v Grassi*, 28 AD3d 482 [2006]; *Matter of Williams v O'Toole*, 4 AD3d 371 [2004]; *Matter of Hermann v Chakurmanian*, 243 AD2d 1003, 1004-1005 [1997]). Crane, J.P., Goldstein, Rivera and Lifson, JJ., concur.