■ In the Matter of MIGUEL M.-R.B. GRAHAM-WINDHAM, INC., Respondent; MONIQUE B., Appellant. [828 NYS2d 167]—In a proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground of mental illness and to free the subject child for adoption, the mother appeals from an order of the Family Court, Queens County (Richroath, J.), dated February 15, 2005, which denied her motion to vacate an order of fact-finding and disposition of the same court dated June 17, 2004, which, after a combined fact-finding and dispositional hearing, and upon her default in appearing at the hearing, inter alia, terminated her parental rights and transferred guardianship and custody of the subject child jointly to the petitioner Graham-Windham, Inc., and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the order is affirmed, without costs or disbursements.

The mother's failure to appear at the combined fact-finding

and dispositional hearing constituted a default in light of her counsel's election to stand mute (*see Matter of Geraldine Rose W.*, 196 AD2d 313 [1994]; *accord Matter of Vanessa M.*, 263 AD2d 542 [1999]). In order to be relieved of such a default, the mother was required to provide a reasonable excuse for her failure to appear, as well as a meritorious defense (*see* CPLR 5015 [a] [1]; *Matter of Vanessa M., supra; Matter of Ann D.*, 239 AD2d 575 [1997]; *Matter of Jazel Dominique D.*, 209 AD2d 410 [1994]).

Even assuming that the mother provided a reasonable excuse for her failure to appear, she failed to establish a meritorious defense to the relief sought in the petition (*see Matter of Shirley C.*, 145 AD2d 631 [1988]). Accordingly, the court providently exercised its discretion in denying her motion to vacate her default (*see Matter of Shirley C., supra*). Mastro, J.P., Florio, Fisher and Dillon, JJ., concur.