# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**182**

**CAF 10-01967**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

IN THE MATTER OF KENNETH L.
-------------------------------------------------
JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

MICHELLE B., RESPONDENT-APPELLANT.

---

JOHN M. MURPHY, JR., PHOENIX, FOR RESPONDENT-APPELLANT.

CARACCIOLI & NELSON, PLLC, WATERTOWN (KEVIN C. CARACCIOLI OF COUNSEL), FOR PETITIONER-RESPONDENT.

SUSAN A. SOVIE, ATTORNEY FOR THE CHILD, WATERTOWN, FOR KENNETH L.

---

Appeal from an order of the Family Court, Jefferson County (Richard V. Hunt, J.), entered August 30, 2010 in a proceeding pursuant to Family Court Act article 6. The order denied the motion of respondent to vacate an order terminating her parental rights upon her default.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order denying her motion to vacate a prior order entered upon her default that terminated her parental rights with respect to the subject child on the ground of permanent neglect. The mother contends that Family Court erred in reinstating the permanent neglect petition on the ground that there had been a substantial failure of a material condition of her judicial surrender of the child. We conclude that the mother waived that contention, inasmuch as her attorney conceded that the petition may be reinstated (*see generally Matter of Brayanna G.*, 66 AD3d 1375, *lv denied* 13 NY3d 714). Contrary to the further contention of the mother, her attorney's failure to contest reinstatement of the petition does not constitute ineffective assistance of counsel. The mother's attorney "cannot be deemed ineffective for failing to make a motion or response to a motion that is unlikely to be successful" (*Matter of Jamaal NN.*, 61 AD3d 1056, 1058, *lv denied* 12 NY3d 711) and, here, the court properly granted petitioner's motion to reinstate the petition. We also reject the mother's contention that she was denied effective assistance of counsel based on, inter alia, her attorney's failure to request an adjournment when the mother did not appear at the fact-finding and dispositional hearing. The court delayed the hearing for 45 minutes

and, when the mother still failed to appear, her attorney asked to be relieved from his representation of the mother in order to preserve the mother's opportunity to move to vacate any default order entered against her. We conclude that such tactical decision on the part of the mother's attorney does not constitute ineffective assistance of counsel (*see Matter of Geraldine Rose W.*, 196 AD2d 313, 319-320, *lv dismissed* 84 NY2d 967; *see generally Matter of Derrick C.*, 52 AD3d 1325, 1326, *lv denied* 11 NY3d 705).

Finally, we conclude that the court properly exercised its discretion in denying the mother's motion to vacate the order entered upon her default. Contrary to the mother's contention, her allegation in support of the motion that she missed the hearing because her vehicle broke down and she could not find alternative transportation does not constitute a reasonable excuse for her default because she failed to provide a credible explanation for her failure to advise the court or petitioner of her unavailability (*see Matter of Lastanzea L.*, 87 AD3d 1356). Although the mother alleged that she contacted her attorney, he stated on the record that he did not receive any communication from the mother. The mother also failed to demonstrate a meritorious defense to the petition (*see Matter of Alexis C.R.*, 71 AD3d 1511, *lv dismissed* 14 NY3d 922; *Matter of Zabrina M.*, 17 AD3d 1132, *lv denied* 5 NY3d 710), and she failed to explain her four-month delay in seeking to vacate the order entered upon her default (*see Lastanzea L.*, 87 AD3d 1356; *Matter of Tashona Sharmaine A.*, 24 AD3d 135).

Entered: February 10, 2012

Frances E. Cafarell
Clerk of the Court