In the Matter of TAHANIE S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RAMON A., Appellant. (Proceeding No. 1.) In the Matter of RIANNA A. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RAMON A., Appellant. (Proceeding No. 2.) [948 NYS2d 407]—

These proceedings were commenced pursuant to Family Court Act article 10 upon the filing of two petitions, both dated April 14, 2009, in which it was alleged that Ramon A. (hereinafter the appellant) was a person legally responsible for the care of two female children (hereinafter the subject children), and that these children were neglected by him. The petitions were based on a single incident, in which it was alleged that the appellant, among other things, grabbed one of the subject children on the side of her neck.

The fact-finding hearing began on November 20, 2009. The appellant was present at the hearing, but the caseworker employed by the Administration for Children's Services (hereinafter ACS) was absent. ACS introduced medical records and progress notes taken by the absent employee, which were admit-

ted into evidence over the appellant's objection. No fact witnesses were called to testify. The hearing was thereafter adjourned until February 9, 2010.

On February 9, 2010, the fact-finding hearing continued. The appellant was again present at the hearing, but the mother was not. The hearing was adjourned until March 3, 2010. The appellant returned on that date, only to have the case adjourned until March 24, 2010, for a status conference. The appellant was informed that he need not attend the status conference on March 24, 2010. At the status conference, the matter was again adjourned, and the status conference was rescheduled for May 3, 2010.

On May 3, 2010, the matter was continued and the appellant was again present. The hearing was orally adjourned until August 25, 2010, but a discussion regarding other potential follow-up dates ensued. The date was changed to August 24, 2010, during the course of a discussion extending over six pages of the transcript, during which the latest adjournment date was changed numerous times.

On August 24, 2010, the hearing was continued, but the appellant was not present. ACS introduced certain other exhibits, but no fact witnesses were called to testify. ACS rested on the basis of the documents which had been admitted into evidence. The Family Court reserved decision.

The proceedings continued on December 13, 2010. The appellant was present, and his attorney explained that the appellant had missed the previous hearing date because he relied on the adjournment slip that he had received, which listed the adjournment date as August 25, 2010. The Family Court did not address the appellant's statement, and instead adjourned the proceeding until January 14, 2011, due to the fact that the medical records introduced by ACS had been misplaced and had to be re-subpoenaed.

On January 14, 2011, the proceedings continued, with the appellant again present. The Family Court concluded that the appellant had defaulted by failing to appear at the August 24, 2010, hearing date. The Family Court further concluded, based on the documentary evidence submitted by ACS, that the appellant had neglected the two subject children based on the incident described in the petitions. In a fact-finding order dated January 14, 2011, the Family Court determined that the petitioner had established by a preponderance of the evidence that the appellant neglected the subject children. The order was made on the appellant's default.

In an order of disposition dated May 25, 2011, it was

determined that the subject children would be "at risk of abuse or neglect" if returned to appellant, and, therefore, they were released to the custody of their mother. The order of disposition also directed the appellant to complete, inter alia, domestic violence counseling.

The appellant moved to vacate the fact-finding order and, in effect, the order of disposition. In support of his motion the appellant submitted, inter alia, an affidavit in which he controverted the version of the facts presented in the documents introduced by ACS. The appellant specifically denied grabbing the subject child on her neck, as alleged in the petition. The appellant asserted that the medical records were inconsistent with the version of the events alleged by ACS.

The appellant's motion was opposed by ACS and the attorney for the children. In an order dated July 7, 2011, the appellant's motion was denied on the ground that he failed to establish a reasonable excuse for the default as well as a meritorious defense.

"If the parent or other person legally responsible for the child's care is not present, the court may proceed to hear a petition under [Family Court Act article 10] if the child is represented by counsel" (Family Ct Act § 1042). "[T]he parent or other person legally responsible for the child's care may move to vacate the order of disposition and schedule a rehearing" within one year after being served with a copy of the order of disposition (id.). "Such motion shall be granted on an affidavit showing . . . a meritorious defense to the petition, unless the court finds that the parent or other person willfully refused to appear at the hearing, in which case the court may deny the motion" (id.).

Here, the appellant submitted, among other things, an affidavit in which he averred that he had not intentionally defaulted, inasmuch as he missed the August 24, 2010, hearing date only because he incorrectly thought that the hearing was adjourned until August 25, 2010. The appellant actually appeared at the Family Court on August 25, 2010, only to find that the fact-finding hearing had already been conducted. The father also submitted the adjournment slip, which incorrectly showed that the matter was adjourned until August 25, 2010. Under the circumstances, including the father's record of appearances at the previous hearing dates and the fact that the August adjournment date was changed numerous times during extended discussions at the previous court date, we conclude that the appellant adequately demonstrated that his failure to appear at the fact-finding hearing on August 24, 2010, was not willful (see Family

Ct Act § 1042; *cf. Matter of Shavenon N. [Miledy L.N.]*, 71 AD3d 401, 402 [2010]; *Matter of Nicholas S.*, 46 AD3d 830, 831 [2007]).

Furthermore, the appellant demonstrated a potentially meritorious defense to the petitions (*see* Family Ct Act § 1042). Contrary to the contention of ACS, the appellant's affidavit was not conclusory. The appellant did more than "merely intone[ ] that he had a meritorious defense" (*Matter of Jones*, 128 AD2d 403, 404 [1987]). Rather, he controverted the evidence against him and presented an affidavit, based on his own personal knowledge, to support his version of what had transpired during the incident which formed the basis for the neglect petitions (*cf. Matter of Nathalie A.*, 145 AD2d 629, 630 [1988]). The appellant was not required to conclusively disprove the allegations of the petition or otherwise establish as a matter of law that the entire proceeding must be resolved in his favor, since such a showing would render "a rehearing" superfluous (Family Ct Act § 1042). The appellant was simply required to show that he possessed "a reasonable position on the merits" (Siegel, NY Prac § 108 at 197 [4th ed]), which was "potentially meritorious" (*Matter of Zeeyana B. [Darnell B.]*, 84 AD3d 1227, 1227 [2011]; *Matter of Jenna C. [Omisa C.]*, 81 AD3d 941, 942 [2011]).

Under the circumstances here, we conclude that the Family Court improvidently exercised its discretion in denying the appellant's motion to vacate the fact-finding order and, in effect, to vacate the order of disposition. Accordingly, the fact-finding order and order of disposition must be vacated, and the matter must be remitted to the Family Court, Kings County, for a new fact-finding hearing, and, if necessary, a new dispositional hearing. Skelos, J.P., Balkin, Lott and Miller, JJ., concur.