■ In the Matter of DAIJA K.P. WESTCHESTER COUNTY DE- PARTMENT OF SOCIAL SERVICES, Respondent; DANIELLE P., Appellant. [12 NYS3d 239]—Appeal from an order of disposition of the Family Court, Rockland County (William P. Warren, J.), dated March 4, 2014. The order, after an inquest following the mother's failure to appear at a dispositional hearing, terminated the mother's parental rights and transferred the guardianship and custody of the subject child to the West- chester County Department of Social Services for the purpose of adoption. The appeal from the order of disposition brings up for review an order of fact-finding of that court dated December 19, 2013, which, after an inquest following the mother's failure to appear at a fact-finding hearing, found that the mother permanently neglected the child.

Ordered that the appeal from the order of disposition is dismissed, without costs or disbursements, except insofar as it brings up for review the denial of the mother's attorney's applications for adjournments of the fact-finding and dispositional hearings and the effectiveness of the assistance of counsel (see CPLR 5511; *Matter of Krische v Sloan*, 100 AD3d 758 [2012]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Although the fact-finding and dispositional orders were entered upon the mother's default, the mother may challenge the denial of her attorney's applications for adjournments of the fact-finding and dispositional hearings in her absence since they were the subject of contest below (see *Matter of Xiao-Lan Ma v Washington*, 127 AD3d 982 [2015]; *Hawes v Lewis*, 127 AD3d 921, 922 [2015]; *Matter of Ca'leb R.D. [Mary D.S.]*, 121 AD3d 890, 891 [2014]).

The Family Court providently exercised its discretion in denying the applications of the mother's attorney to adjourn the fact-finding hearing and dispositional hearing (*see Matter of Xiao-Lan Ma v Washington*, 127 AD3d at 982; *Matter of Lucinda A. [Luba A.]*, 120 AD3d 492, 493 [2014]; *Matter of N. [Fania D.—Alice T.]*, 108 AD3d 551, 552-553 [2013]; *Matter of Angie N.W. [Melvin A.W.]*, 107 AD3d 907, 908-909 [2013]; *Matter of O'Leary v Frangomihalos*, 89 AD3d 948, 949 [2011]).

Contrary to the mother's contention, on the record presented, she was not deprived of the effective assistance of counsel during the inquests that proceeded after the attorney's applications for adjournments were denied (*see Matter of Kenneth L. [Michelle B.]*, 92 AD3d 1245, 1246 [2012]; *Matter of Geraldine Rose W.*, 196 AD2d 313, 318-319 [1994]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.