Matter of Amica Mut. Ins. Co. v Alexis (2020 NY Slip Op 04553)





Matter of Amica Mut. Ins. Co. v Alexis


2020 NY Slip Op 04553


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
PAUL WOOTEN, JJ.


2019-00781
 (Index No. 601987/18)

[*1]In the Matter of Amica Mutual Insurance Company, respondent, 
v
Frantz Alexis, appellant.


The Rybak Firm, PLLC, Brooklyn, NY (Damin J. Toell of counsel), for appellant.
White & McSpedon, P.C., New York, NY (Joseph W. Sands of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, Frantz Alexis appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered January 4, 2019. The order denied the motion of Frantz Alexis pursuant to CPLR 5015(a)(1) to vacate an order of the same court entered August 6, 2018, which, upon his failure to proceed with a hearing, granted the petition and permanently stayed arbitration.
ORDERED that the order entered January 4, 2019, is affirmed, with costs.
On August 27, 2017, a vehicle owned and operated by Frantz Alexis was involved in a motor vehicle accident with an uninsured motor vehicle in Brooklyn. Alexis sought uninsured motorist benefits under a policy issued by the petitioner. The petitioner disclaimed coverage based on an exclusion in its policy relating to any bodily injury claims arising while the covered vehicle was being used as a public or livery conveyance.
Alexis submitted a demand for arbitration of his claim for uninsured motorist benefits, and the petitioner commenced this proceeding pursuant CPLR 7503(b) to permanently stay arbitration. In an order dated May 7, 2018, the Supreme Court set the matter down for a hearing to be held on August 1, 2018, on the issue of whether the petitioner validly disclaimed coverage. On August 1, 2018, Alexis failed to appear at the hearing and his attorney was unprepared to proceed. By order entered August 6, 2018, the court granted the petition pursuant to 22 NYCRR 202.27 and permanently stayed arbitration. Alexis subsequently moved pursuant to CPLR 5015(a)(1) to vacate the order entered August 6, 2018. The court denied Alexis's motion, and Alexis appeals.
Contrary to Alexis's contention, his failure to appear on the scheduled hearing date constituted a default in light of the fact that his attorney was not ready to proceed immediately with the hearing (see 22 NYCRR 202.27[a]; Matter of Miguel M.-R.B., 36 AD3d 613, 613-614). In order to vacate the order entered August 6, 2018, Alexis was required to demonstrate both a reasonable excuse for his default and a potentially meritorious defense to the petition (see CPLR 5015[a][1]; Matter of Progressive Direct Ins. Co. v Spicer, 165 AD3d 947; Matter of Allstate Ins. Co. v Grodzki, 112 AD3d 919; Matter of Government Empls. Ins. Co. v Dae-Hee Lee, 78 AD3d 944, 945). In [*2]support of his motion, Alexis's counsel claimed that their office misapprehended the order dated May 7, 2018, as not requiring Alexis's appearance on August 1, 2018 (see IBM Corp. v Camp, Dresser & McKee, 194 AD2d 645, 646). Even assuming that Alexis provided a reasonable excuse for not personally appearing at the hearing, he failed to demonstrate a potentially meritorious defense to the petition (see Jean v Csencsits, 171 AD3d 1149, 1150; Targee St. Internal Medicine Group, P.C. v Deutsche Bank Natl. Trust Co., 92 AD3d 768, 769; Matter of Miguel M.-R.B., 36 AD3d at 614). His attorney's affirmation, which referred to Alexis's self-serving, vague, and unsubstantiated denial of the use of his vehicle as a public or livery conveyance, was insufficient to establish a potentially meritorious defense (see 2261 Palmer Ave. Corp. v Malick, 91 AD3d 853; Weiss v Croce, 167 AD2d 465; Hunt Leasing Corp. v Universal Underwriters Ins. Co., 123 AD2d 602, 603). Accordingly, we agree with the Supreme Court's denial of Alexis's motion pursuant to CPLR 5015(a)(1) to vacate the order entered August 6, 2018.
RIVERA, J.P., CHAMBERS, AUSTIN and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court