Matter of Alexander G.R. (Kristin G.P.) (2021 NY Slip Op 01618)





Matter of Alexander G.R. (Kristin G.P.)


2021 NY Slip Op 01618


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, AND DEJOSEPH, JJ.


282 CAF 19-02312

[*1]IN THE MATTER OF ALEXANDER G.R. AND CHRISTIAN A.R. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT; KRISTIN G.P., RESPONDENT-APPELLANT.






CHARU NARANG, BROCKPORT, FOR RESPONDENT-APPELLANT. 
JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (CAROL L. EISENMAN OF COUNSEL), FOR PETITIONER-RESPONDENT.
MAUREEN N. POLEN, ROCHESTER, ATTORNEY FOR THE CHILDREN.


 Appeal from an order of the Family Court, Monroe County (Stacey Romeo, J.), entered November 18, 2019 in a proceeding pursuant to Social Services Law § 384-b. The order denied respondent's motion to vacate an order terminating her parental rights. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent mother appeals from an order denying her motion to vacate a prior order entered on her default that terminated her parental rights with respect to the subject children on the ground of permanent neglect. We affirm.
Initially, the mother contends that her motion should have been granted because she was deprived of her right to due process for a number of reasons, including that Family Court proceeded to conduct a trial in her absence and that the record is unclear whether she received notice of the trial. The mother's contentions relating to due process, however, are unpreserved inasmuch as they are raised for the first time on appeal (see Matter of Atreyu G. [Jana M.], 91 AD3d 1342, 1342 [4th Dept 2012], lv denied 19 NY3d 801 [2012]; see generally Matter of Anastashia S. [Tonya R.], 96 AD3d 1442, 1442-1443 [4th Dept 2012]).
The mother further contends that her motion should have been granted because she had multiple reasonable excuses for her failure to appear and a meritorious defense to the petition. We reject that contention. We conclude that the court properly determined that the mother's purported reasonable excuses were unsubstantiated and based only on conclusory allegations that, inter alia, she was too ill to attend the trial and lacked transportation (see Matter of Elysia R.M. [Shamaya M.], 161 AD3d 870, 871 [2d Dept 2018]; Matter of Zabrina M., 17 AD3d 1132, 1132 [4th Dept 2005]). Furthermore, the mother did not establish a meritorious defense to the petition based on her decision to enroll in an inpatient drug treatment program because she did not submit any factual support for her claim that she was making progress in that drug treatment program (see Matter of Isaac Howard M. [Fatima M.], 90 AD3d 559, 560 [1st Dept 2011], lv denied in part and dismissed in part 18 NY3d 975 [2012]; Matter of Devon Dupree F., 298 AD2d 103, 104 [1st Dept 2002]).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court