Matter of Betz v Betz (2024 NY Slip Op 05713)

Matter of Betz v Betz

2024 NY Slip Op 05713

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, NOWAK, AND DELCONTE, JJ.

745 CAF 23-01409

[*1]IN THE MATTER OF CHARLES E. BETZ, JR., PETITIONER-RESPONDENT,
v
JULIANNA D. BETZ, RESPONDENT-APPELLANT. 

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
JESSICA L. VESPER, BUFFALO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Lenora B. Foote-Beavers, A.J.), entered August 17, 2023, in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner sole custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that, inter alia, awarded petitioner father sole custody of the subject child. Family Court denied the requests of the mother's counsel for an adjournment and "proceed[ed] by default" after the mother appeared late at a hearing on the father's modification petition.
We agree with the mother that the court erred in disposing of the matter on the basis of her purported default (see Matter of Cameron B. [Nicole C.], 149 AD3d 1502, 1503 [4th Dept 2017]). Initially, we reject the contention of the attorney for the child (AFC) that the order was "entered upon the default of the aggrieved party" (CPLR 5511) and is therefore not appealable. While the mother was not present in the courtroom at the start of the proceeding, she arrived at a point when the court had not yet addressed the father's modification petition relating to the subject child. The court engaged in a discussion with the mother, the father, and the AFC with respect to a proposed resolution awarding sole custody of the subject child to the father and specifying the mother's access to the subject child. It was only after the mother's counsel represented that the mother would not agree to the proposed resolution that the court ordered the mother out of the courtroom. Moreover, the order appealed from does not reflect that it was made on default, but rather states that the mother appeared personally and by her attorney. Under these circumstances, we conclude that the order is appealable (see generally Matter of Griselda N.G. v Yvette C., 192 AD3d 592, 593 [1st Dept 2021]; Matter of Avdic v Avdic, 125 AD3d 1534, 1536 [4th Dept 2015]).
In any event, even if we were to conclude that the order was entered upon the mother's default, we nonetheless could reach the issue of the court's denial of the request for an adjournment inasmuch as it was the subject of contest below (see Matter of Heavenly A. [Michael P.], 173 AD3d 1621, 1622 [4th Dept 2019]; Cameron B., 149 AD3d at 1503; Matter of Daija K.P. [Danielle P.], 129 AD3d 1087, 1087 [2d Dept 2015]).
We further agree with the mother that the court abused its discretion in denying her counsel's request to adjourn the hearing. It is well settled that "[t]he grant or denial of a motion for an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (Matter of Steven B., 6 NY3d 888, 889 [2006] [internal quotation marks omitted]). Here, the record reveals that it was unclear to the parties on the day of the hearing whether a trial was to happen on that date and whether the parties were prepared to proceed with trial. The notice sent by the court to the parties to appear on that date stated that the purpose of the appearance [*2]was to address a "[m]otion." The AFC had moved by order to show cause to subpoena documents relating to the subject child for trial. Furthermore, the father's attorney had requested an adjournment of the trial just two weeks prior to the appearance date and indicated that the mother's attorney and the AFC consented to the adjournment, particularly in light of the AFC's request for the documents.
We therefore reverse the order and remit the matter to Family Court for a hearing on the father's modification petition as it relates to the custody of the subject child.
In light of our determination, we do not reach the mother's remaining contention.
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court