Matter of Aiden R. (Erie County Dept. of Social Servs.) (2025 NY Slip Op 00756)

Matter of Aiden R. (Erie County Dept. of Social Servs.)

2025 NY Slip Op 00756

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., SMITH, OGDEN, NOWAK, AND HANNAH, JJ.

80 CAF 23-01634

[*1]IN THE MATTER OF AIDEN R.
and
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT; BRENDA M.W., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
AMY R. INZINA, BUFFALO, FOR PETITIONER-RESPONDENT.
MARY ANNE CONNELL, BUFFALO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Kelly A. Brinkworth, J.), entered August 15, 2023, in a proceeding pursuant to Social Services Law § 384-b. The order denied respondent's motion to "reopen [her] default". 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, respondent mother appeals from an order denying her motion to "reopen [her] default" after she failed to appear at the fact-finding hearing on petitioner's petition seeking to terminate her parental rights with respect to the subject child on the ground of abandonment. In appeal No. 2, the mother appeals from an order, entered upon her default, that, inter alia, determined that the subject child had been abandoned and terminated the mother's parental rights with respect to that child.
Addressing first appeal No. 2, we note that the mother failed to appear at the fact-finding hearing and, although her attorney was present at the hearing, the attorney did not participate. Under the circumstances, we conclude that Family Court properly determined that the mother's unexplained failure to appear constituted a default (see Matter of Malachi S. [Michael W.], 195 AD3d 1445, 1446 [4th Dept 2021], lv dismissed 37 NY3d 1081 [2021]; Matter of Tiara B. [appeal No. 2], 64 AD3d 1181, 1181-1182 [4th Dept 2009]). We therefore dismiss the appeal from the order in appeal No. 2 (see Tiara B., 64 AD3d at 1182; see also Matter of Josaph M. [Wanda A.], 221 AD3d 1458, 1459 [4th Dept 2023], lv denied 42 NY3d 903 [2024]).
With respect to appeal No. 1, the determination "whether to relieve a party of a default is within the sound discretion of the [court]" (Matter of Goldstein v Goldstein, 190 AD3d 971, 972 [2d Dept 2021]; see Matter of Shehatou v Louka, 145 AD3d 1533, 1533-1534 [4th Dept 2016]). In order to succeed on her motion, the mother was required to demonstrate a reasonable excuse for the failure to appear and a potentially meritorious defense to the relief sought in the petition (see Malachi S., 195 AD3d at 1446; Matter of Alexander G.R. [Kristin G.P.], 192 AD3d 1501, 1501-1502 [4th Dept 2021]; Matter of Strumpf v Avery, 134 AD3d 1465, 1465-1466 [4th Dept 2015]).
Here, the mother alleged that she missed the hearing because she had shut off her phone and no longer had her calendar, and that she could not find transportation when she learned of the hearing the day before. Contrary to the mother's contention, those allegations do not constitute a reasonable excuse for her default because, inter alia, she had prior written notice of the hearing and failed to provide a credible explanation for her failure to advise the court or petitioner of her unavailability (see Matter of Kenneth L. [Michelle B.], 92 AD3d 1245, 1246-1247 [4th Dept [*2]2012]; see also Alexander G.R., 192 AD3d at 1501-1502). Moreover, even assuming, arguendo, that the mother established a reasonable excuse for her default, we conclude that she failed to demonstrate a meritorious defense to the abandonment petition, which alleged that she had no meaningful contact with the subject child during the six-month period immediately preceding the filing of the petition (see Social Services Law § 384-b [4] [b]). In the affidavit submitted by the mother in support of her motion, she did not dispute that she did not visit or have contact with the child during the relevant time period. We therefore conclude that the court did not abuse its discretion in denying the motion (see Matter of Marianys I. [Gabrielle I.], 187 AD3d 1570, 1571 [4th Dept 2020], lv dismissed 36 NY3d 1036 [2021]; Matter of Mikia H. [Monique K.], 78 AD3d 1575, 1576 [4th Dept 2010], lv dismissed in part & denied in part 16 NY3d 760 [2011]).
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court