■ In the Matter of CELESTE M. and Others, Children Alleged to be Neglected. LITTLE FLOWER CHILDREN'S SERVICES, Respondent; GABRIELLA DEJ., Also Known as CELESTE G., Appellant.—Orders, Family Court, New York County (Mary E. Bednar, J.), entered April 20, 1989, April 27, 1989, and October 11, 1989, which denied appellant's motion to vacate her default at the fact-finding hearing, adjudicated her a neglectful parent, and terminated her parental rights, respectively, unanimously affirmed, without costs.

Respondent agency's petition seeking termination of appellant's parental rights alleges that appellant had permanently

neglected her three children, that the natural father had abandoned the children, and that the children's best interests warranted termination of parental rights and subsequent adoption. Appellant, who resides in Florida with two of her other children, failed to appear at the fact-finding hearing on January 11, 1989, and again failed to appear on the adjourned date, February 24, 1989. Although counsel represented that she had notified appellant, and that the agency had provided her with funds for an airline ticket, there is no indication that appellant had contacted her attorney, the court, the agency, or any other party to advise that she would not be able to come to New York and attend the proceedings.

Family Court correctly applied the standards set forth in Social Services Law § 384-b (7). The evidence shows that despite the agency's diligent efforts to encourage and strengthen the parental relationship, appellant failed for more than six months to keep the agency apprised of her location, relieving the agency of the burden of showing diligent efforts to encourage and strengthen the parental relationship (*Matter of Sheila G.*, 61 NY2d 368, 383, n 5). In addition, appellant consistently failed to plan for the children's future. On either of these bases, the court's determination of permanent neglect was warranted (*Matter of Orlando F.*, 40 NY2d 103, 109-110). We agree with Family Court that appellant failed to establish a reasonable excuse for her default in appearing at the fact-finding hearing, or, a meritorious defense (*Matter of "Male" Jones*, 128 AD2d 403), and that denial of her motion to vacate the default was not an abuse of discretion.

Finally, once permanent neglect has been determined, the dispositional hearing addresses only the best interests of the children. There is no presumption that the children's interest will best be served by return to appellant (Family Ct Act §§ 623, 631; *Matter of Star Leslie W.*, 63 NY2d 136, 147-148). The court's finding is supported by the requisite preponderance of the evidence (*Matter of Gerald M.*, 112 AD2d 6). Concur—Murphy, P. J., Sullivan, Ellerin, Kupferman and Kassal, JJ.