■ In the Matter of ROBERT F., a Child Alleged to be Permanently Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DONALD H., Appellant. [607 NYS2d 454] — Mercure, J. P. Appeal from an order of the Family Court of Broome County (Ray, J.), entered April 15, 1992, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Robert F. a permanently neglected child and terminated respondent's parental rights.

As a preliminary matter, although we are in full agreement with the principle that no appeal lies from an order entered upon default, we cannot subscribe to petitioner's view that respondent's failure to personally appear on April 8, 1992, the final day of the fact-finding hearing, rendered the order appealed by respondent one "entered upon the default of the aggrieved party" within the purview of CPLR 5511. In this permanent neglect proceeding, the burden was on petitioner to come forward with "competent, material and relevant evidence" (Family Ct Act § 624) establishing its case by "clear and convincing proof" (Family Ct Act § 622). Respondent was under no obligation to present any evidence on his own behalf. Notably, respondent's counsel was present throughout the three days of hearings and cross-examined petitioner's witnesses in an effort to show that petitioner's caseworker did not make diligent efforts to encourage and strengthen the parental relationship (see, Carrieri, Practice Commentaries, McKinney's Cons Laws of NY, Book 52A, Social Services Law § 384-b, at 578-579; compare, Matter of Luis R., 184 AD2d 1012). Under the circumstances, we conclude that the appeal should not be dismissed (see, e.g., Matter of Luis R., supra; Matter of Celeste M., 180 AD2d 437).

Turning now to the merits, it is our view that there is insufficient proof in the record to support Family Court's findings that petitioner made diligent efforts to encourage the parental relationship (see, Matter of Gregory B., 74 NY2d 77, 86; Matter of Sheila G., 61 NY2d 368, 373) or that the child's welfare would have been jeopardized by such efforts (see, Matter of Erica J., 154 AD2d 595, 596). To the contrary, petitioner's efforts appear to have been geared toward frustrating respondent's attempts to maintain contact with and develop a plan for his reunion with his son.

The proof shows that respondent's child was born in September 1988, placed in a foster home when he was released from the hospital at the age of three days and continued to

live with the same foster parents through the fact-finding hearing. A finding of neglect was made with respect to the biological mother on October 25, 1988. At the time of respondent's first arranged visit with the child in May 1990, respondent was incarcerated in Broome County Correctional Facility; respondent remained in various correctional facilities through November 25, 1991, the date of filing of the permanent neglect petition. By the time of the initial fact-finding hearing on February 10, 1992, respondent had been released on parole.

Although respondent showed initial reluctance to take responsibility for the child, from April 1990 to the time of filing of the petition respondent made repeated efforts to communicate with the child. He sent the child cards and gifts and made frequent contacts with the foster parents and petitioner's caseworker, Nancy Whitehead. In fact, the only serious impediments to communication were the fact of respondent's incarceration, his erroneous belief that petitioner could not arrange visits outside Broome County (a misconception that Whitehead made no effort to correct), Whitehead's repeated insistence that contact be made exclusively through her, and Whitehead's refusal to meaningfully respond to respondent's inquiries. The record is devoid of competent evidence supporting a finding that petitioner made any worthwhile effort to assist respondent in planning for the ultimate placement of the child with him. To the contrary, respondent appears to have been placed in the unenviable position of having to fulfill requirements and satisfy criteria that petitioner never chose to disclose to him. Then, respondent's justified expressions of frustration and criticism of Whitehead's performance were used as evidence of respondent's poor attitude and an excuse for further neglect of respondent's case. As a final matter, there is no basis in the record for a finding that efforts to encourage and strengthen the paternal relationship were not in the child's best interest or that respondent failed to cooperate with petitioner (see, Social Services Law § 384-b [7] [e] [ii]; 18 NYCRR 431.9 [b] [2] [i]).

Crew III and Weiss, JJ., concur.

White, J. (dissenting). I respectfully dissent. In *Matter of Cecilia A.* (199 AD2d 582), where the respondents twice failed to appear for a hearing but were represented by counsel, we "reluctantly" found that they were not in default because they had consulted with their attorney and offered cogent reasons for their inability to attend the hearing. In this case, respondent never contacted his attorney, Family Court or any agency to advise them that he would not be able to attend the

hearing on April 8, 1992. In fact, it can be surmised that he intentionally neglected to appear because a warrant had been issued for his arrest on a criminal charge. Accordingly, in the absence of an explanation from respondent for his failure to appear at the hearing, I see no reason to abandon our reluctance to depart from the well-settled rule that a party cannot appeal from an order entered upon default (see, Matter of Celeste M., 180 AD2d 437, 438; Matter of Male H., 179 AD2d 384, 385, lv dismissed, lv denied 79 NY2d 1026; Matter of Jones, 128 AD2d 403, 404). Therefore, I would dismiss the appeal.

Ordered that the order is reversed, on the law and the facts, without costs, and petition dismissed. [As amended by unpublished order entered Apr. 25, 1994.]