■ In the Matter of PAUL H., a Child Alleged to be Permanently Neglected. ST. DOMINIC'S HOME et al., Respondents; ALEXIA H., Appellant. [617 NYS2d 298] —Order, Family Court, New York County (Bruce Kaplan, J.), entered July 2, 1993, terminating respondent's parental rights and transferring

custody of the subject child to petitioners, following a fact-finding determination of permanent neglect, unanimously affirmed, without costs.

Clear and convincing evidence established that petitioner agency referred respondent to numerous drug rehabilitation programs and otherwise made diligent efforts to encourage her to overcome her drug addiction, but that respondent failed to complete any of these programs not for lack of Medicaid coverage but because of her own lack of perseverance. Respondent repeatedly led the agency to believe that her failure was due to her dislike of the programs or counselors, and when she did first mention the question of funds shortly before the termination petition was filed, she indicated that she would address the problem herself. The failure to complete a rehabilitation program supported the finding of permanent neglect *(see, Matter of Jamie M.,* 63 NY2d 388, 393; *Matter of Wesley F.,* 190 AD2d 576). Concerning the disposition, there is no presumption that a child's best interests are served by return to the parent *(see, Matter of Celeste M.,* 180 AD2d 437, 438), and, based on testimony that the child had bonded with the foster family, the court properly transferred custody for the purposes of adoption.

Finally, the court did not abuse its discretion in denying respondent's motion to vacate her default at the dispositional hearing where she failed to substantiate her medical excuse for failing to appear thereat or establish a meritorious defense. *(See, Matter of "Male" Jones,* 128 AD2d 403.) Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.