■ In the Matter of MONIQUE TWANA C., a Child Alleged to be Abandoned. THOMAS A., Appellant; EDWIN GOULD SERVICES FOR CHILDREN, Respondent. [667 NYS2d 371] —Appeal from order of disposition, Family Court, New York County (Bruce Kaplan, J.), entered on or about May 3, 1995, which, upon respondent's default, terminated his parental rights and transferred custody and guardianship of the subject child to the Commissioner of Social Services and petitioner child-care agency for the purpose of adoption, following a fact-finding determination, made upon respondent's default, that he had abandoned the child, unanimously dismissed, as taken from a nonappealable order. Order, same court and Judge, entered on or about October 2, 1995, which denied respondent's motion to vacate his default at the fact-finding and dispositional hearings, unanimously affirmed, without costs.

No appeal lies from the order of disposition since it was entered on default (CPLR 5511; *see, Matter of Tyrone W.*, 223 AD2d 367; *Matter of Geraldine Rose W.*, 196 AD2d 313, *lv dismissed* 84 NY2d 967). Moreover, we find that the Family Court's decision declining to vacate the default was proper where the evidence demonstrated that prior to the fact-finding hearing, respondent submitted an affidavit agreeing with the agency's position that the child's best interests were served by the proposed adoption by her great-aunt and foster mother and consenting to that adoption, and that at the intake hearing, at which respondent was present, his attorney informed the court that respondent, who was incarcerated, waived further appearances. Under these circumstances, the court properly declined to open the default based on respondent's unsupported and contradictory allegation, made for the first time months later, after the conclusion of both the fact-finding hearing and the dispositional hearing, that he had wanted to appear at the hearings. We note as well that respondent's conclusory allegation that he maintained "some" contact with the child is insufficient to show a meritorious defense. We have considered

respondent's remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Wallach, Mazzarelli, Andrias and Colabella, JJ.