■ In the Matter of ATREYU RASHAWN G., a Child Alleged to be Permanently Neglected. ST. VINCENT'S SERVICES et al., Respondents; JOHN J., Appellant. [679 NYS2d 129] —Order, Family Court, New York County (Leah Marks, J.), entered on or about September 20, 1995, which, *inter alia*, terminated respondent's parental rights over the subject child, based on fact findings that respondent had permanently neglected the child within the meaning of Social Services Law § 384-b and that the best interests of the child required termination of respondent's parental rights, and transferred custody and guardianship of the child to the Commissioner of Social Services of the City of New York and to petitioner St. Vincent's Services, unanimously affirmed, without costs.

Clear and convincing evidence supports Family Court's finding of permanent neglect against respondent, based on respondent's substantial and repeated failure to plan for his child's future for a period of more than one year. During the relevant time period, respondent failed to avail himself of the medical training necessary to enable him to care for the HIV-positive child (*see, Matter of Jamie M.*, 63 NY2d 388, 393; *Matter of Paul H.*, 208 AD2d 402, 403), notwithstanding petitioner agency's diligent efforts to encourage respondent's attendance

at medical training sessions scheduled to coincide and be held in conjunction with respondent's child visitation at the agency. Although respondent attended training sessions less sporadically from April 14, 1994 until the filing of the instant petition on September 27, 1994, this change was evidently motivated by tactical legal considerations, not by recognition of the seriousness of the child's medical condition, or appreciation of the need for the training, which respondent continued to deprecate even at the hearing of this matter, and from which training he evidently learned little.

The evidence also warranted Family Court's determination at the dispositional hearing that the child's best interests would be served by transfer of custody and guardianship for purposes of adoption by the foster mother. The foster parents were the only family the child had ever known, and the surviving foster mother has cared for the child since his earliest infancy, and has become adept at administering the medical care necessary to maintain his fragile health. Concur—Milonas, J. P., Ellerin, Wallach and Tom, JJ.