■ In the Matter of BARBARA LUISA A. and Others, Children Alleged to be Abandoned and/or Neglected. CHILDREN'S AID SOCIETY, Respondent; KENYA A. et al., Appellants. [699 NYS2d 38] —Orders, Family Court, Bronx County (Bruce Kaplan, J.), entered on or about August 21, 1997, which upon a fact-finding determination of abandonment, terminated appellant-mother Kenya A.'s parental rights, and upon a fact-finding determination of permanent neglect, terminated appellant-father Orlando A.'s parental rights as to Barbara Luisa A. and Jacqueline A. and committed guardianship and custody of the three children, Barbara Luisa A., Jacqueline A. and Joaquin A., to petitioner Children's Aid Society and the Commissioner of Social Services for purposes of adoption, unanimously affirmed, without costs.

The finding of abandonment was supported by the record, including unrebutted testimony that the mother had no contact whatsoever with her children or the agency for at least six months prior to the filing of the petitions except for one unsuccessful attempt at visitation wherein she arrived so late that the children had already returned home and, where, once she did arrive, she did not ask about the children or suggest a plan for them (see, Matter of Erica C., 257 AD2d 445; see also, Matter of Oneka O., 249 AD2d 233).

The record also fully supports the Family Court's determination that petitioner had established, by clear and convincing evidence, its particularized and diligent efforts to, inter alia, encourage the father's participation in a drug rehabilitation program by providing numerous referrals to treatment programs, including ones which had Spanish-speaking counselors (see, Matter of Michael Anthony Vincent J., 253 AD2d 619, lv dismissed 92 NY2d 1026). Petitioner was not required to contact the father's parole officer regarding his need for drug treatment, particularly where the father never informed the caseworker that he was undergoing drug screening as a condition of his parole. Notwithstanding the agency's efforts, the father permanently neglected his daughters by failing to plan

for their future, by failing to provide the agency with the names of potential resources who could care for the girls while he was incarcerated (*see, Matter of Sasha R.*, 246 AD2d 1; *Matter of Joshua R.*, 237 AD2d 226), by failing to provide proof that he had completed a drug rehabilitation program and parenting skills class in prison (*see, Matter of Paul H.*, 208 AD2d 402, 403), and by failing to follow through with the plan the agency had specifically fashioned for him (*see, Matter of Selathia Nicole F.*, 243 AD2d 400, *lv denied* 91 NY2d 806).

The evidence also warranted Family Court's determination at the dispositional hearing that all the subject children's best interests would be served, not by issuing a suspended judgment, but rather by terminating both appellant-parents' parental rights and freeing the three children for adoption by their foster parents with whom they had lived since birth and who were the only parents the children had ever known (*Matter of Albert E.*, 259 AD2d 315).

We have considered and rejected appellants' remaining arguments. Concur—Sullivan, J. P., Nardelli, Mazzarelli, Wallach and Friedman, JJ.