■ EMERICH GOLDSTEIN et al., Respondents, v SANDAVID ENTERPRISES, INC., et al., Appellants. [728 NYS2d 663] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered October 21, 1999, which denied defendants' motion to vacate the default, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of vacating the grant of summary judgment against the individual defendant David Goldstein, and vacating the amount of damages awarded, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered August 10, 1999, which granted plaintiffs' motion for summary judgment in the amount of $418,969.78, upon defendants' default in appearing for oral argument on the motion, unanimously dismissed, without costs, as taken from a nonappealable order.

Initially, only the October 21, 1999 order denying the motion to vacate the default is appealable, not the August 10, 1999 order granting the default (CPLR 5511; *Matter of Monique Twana C.*, 246 AD2d 351). Although defendants failed to offer a reasonable excuse for their default, which was entered after the IAS court vacated a previous default, plaintiffs nevertheless were required to prove the actual damages alleged in the complaint, which allegedly represents rental arrears and costs from 1991 to 1996 (*Paulson v Kotsilimbas*, 124 AD2d 513). That plaintiffs' entitlement to the damages claimed is inconclusive is evidenced by a 1996 Civil Court order, finding that plaintiffs had waived any rents due through August 31, 1993, and had agreed to reduce the base rent from part of 1993 through 1995. In addition, plaintiffs offered no evidence in support of piercing the corporate veil against defendant David Goldstein, offering only plaintiffs' counsel's hearsay statements

and unsupported allegations. Concur—Rosenberger, J. P., Tom, Mazzarelli, Wallach and Friedman, JJ.