■ In the Matter of RUEBEN DOULPHUS R., JR., a Child Alleged to be Permanently Neglected. RUEBEN R., Appellant; CATHOLIC HOME BUREAU FOR DEPENDENT CHILDREN, Respondent. [783 NYS2d 43]—

Appeal from order of disposition, Family Court, Bronx County (Allen G. Alpert, J.), entered on or about June 6, 2003, which, after fact-finding and dispositional hearings, terminated respondent father's parental rights and transferred custody and care of the subject child to the Commissioner of Social Services of the City of New York and petitioner for purposes of adoption, unanimously dismissed, without costs. Order, same court and Judge, entered on or about June 25, 2003, which denied respondent's motion to vacate his default at the dispositional hearing on February 20, 2003, and to reschedule that hearing, unanimously affirmed, without costs.

No appeal lies from the order of disposition since it was entered on default (see CPLR 5511; *Matter of Monique Twana C.*, 246 AD2d 351 [1998]; *Matter of Tyrone W.*, 223 AD2d 367 [1996]; *Matter of Geraldine Rose W.*, 196 AD2d 313 [1994], *lv dismissed* 84 NY2d 967 [1994]). The motion to set aside the default was properly denied since respondent failed to offer a reasonable excuse for his failure to appear at the hearing and a meritorious defense to the proceeding (see *Matter of Jones*, 128 AD2d 403 [1987]).

Were the Family Court's disposition properly before this Court, we would conclude that the finding of permanent neglect is supported by clear and convincing evidence that respondent failed to maintain regular visits with his son, to attend parenting skills training within the scheduled time frame, or to plan for the child's return. The interests of this child are best served by terminating respondent's parental rights in order to facilitate the child's adoption by his long-term foster parents (see *Matter of Star Leslie W.*, 63 NY2d 136 [1984]). Concur—Buckley, P.J., Mazzarelli, Andrias, Williams and Sweeny, JJ.