In a proceeding pursuant to Social Service Law § 384-b and Family Court Act article 6 to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of an order of disposition of the Family Court, Queens County (Richardson-Mendelson, J.), dated May 5, 2009, as, after a dispositional hearing, and upon a fact-finding order of the same court dated December 14, 2005, made after a *632 fact-finding hearing, finding, inter alia, that she had permanently neglected the subject child, terminated her parental rights and transferred custody and guardianship of the subject child to the petitioner, New Alternatives for Children, Inc., and the Commissioner of Social Services of the City of New York, for the purpose of adoption. The appeal brings up for review the fact-finding order dated December 14, 2005.
Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
Contrary to the petitioner’s contention, the order of disposition was not rendered upon default (see Matter of Newman v Newman, 72 AD3d 973 [2010]; Matter of Vanessa M., 263 AD2d 542, 543 [1999]; Matter of Kindra B., 296 AD2d 456, 458 [2002]; Matter of Robert E, 200 AD2d 899 [1994]; cf. Matter of Geraldine Rose W, 196 AD2d 313, 316-318 [1994]).
The order of disposition was properly made. Contrary to the mother’s contention, the Family Court properly found that the presentment agency exercised diligent efforts to strengthen the parent-child relationship and to reunite the family by, among other things, facilitating visitation with the child, developing a plan for the return of the child, holding numerous meetings with the mother to review that plan, referring the mother for substance abuse treatment and individual counseling, giving the mother prior notice of the child’s medical and therapeutic appointments, and advising her of the necessity of attending these appointments in order to learn about the child’s special needs (see Social Services Law § 384-b [7] [a]; Matter of Jada TaToneyia L., 66 AD3d 901, 902 [2009]; Matter of Kayshawn Raheim E., 56 AD3d 471, 472-473 [2008]). Following an appropriate finding of permanent neglect as to the child, the Family Court properly determined, contrary to the mother’s further contention, that it was in the child’s best interest to terminate her parental rights as to the child, thus freeing the child for adoption (see Family Ct Act § 631; Matter of Kayshawn Raheim E., 56 AD3d at 472; Matter of Jada Ta-Toneyia L., 66 AD3d at 902; Matter of Amy B., 37 AD3d 600, 601 [2007]).
The mother’s contention that certain records were improperly admitted into evidence is unpreserved for appellate review (see Matter of Kaiser v Orange County Dept. of Social Servs., 34 AD3d 586, 587 [2006]).
The mother’s remaining contentions are without merit. Dillon, J.E, Dickerson, Lott and Austin, JJ., concur.
Motion by the petitioner, New Alternatives for Children, Inc., *633 to dismiss the appeal from an order of disposition of the Family Court, Queens County, dated May 5, 2009, pursuant to CPLR 5511, on the ground that the order of disposition was entered on the appellant’s default. By decision and order on motion of this Court dated November 8, 2009, the motion was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is,
Ordered that the motion is denied, without costs or disbursements. Dillon, J.P, Dickerson, Lott and Austin, JJ„, concur.