■ In the Matter of ANIYA EVELYN R. and Another, Children Alleged to be Permanently Neglected. YOLANDA R., Appellant; CHILDREN'S AID SOCIETY, Respondent. [909 NYS2d 455]—

Orders of disposition, Family Court, Bronx County (Jane Pearl, J.), entered on or about September 14, 2009, which, to the extent appealable, found that respondent mother had permanently neglected the subject children, unanimously affirmed, without costs.

The finding of permanent neglect was supported by clear and convincing evidence (see Social Services Law § 384-b [7] [a]). The record establishes that petitioner agency made diligent efforts to encourage and strengthen the parental relationship including the development of a service plan; the scheduling of multiple service plan reviews; the scheduling of visitation; repeated attempts to encourage respondent's compliance with the service plan requirements; and the provision of referrals for services (see *Matter of Lady Justice I.*, 50 AD3d 425 [2008]; *Matter of Gina Rachel L.*, 44 AD3d 367 [2007]). Despite these diligent efforts, respondent, inter alia, failed to complete the requisite drug treatment program, tested positive and refused

to submit to drug screens on multiple occasions, missed the majority of the scheduled visits with the children and failed to complete a parenting skills program. There exists no basis to disturb the court's credibility determinations (*see generally Matter of Irene O.*, 38 NY2d 776 [1975]).

No appeal lies from the dispositional portion of the order since it was entered on default (*see Matter of Rueben Doulphus R.*, 11 AD3d 398 [2004], *lv dismissed in part and denied in part* 4 NY3d 759 [2005]). Were we to review it, we would find that a preponderance of the evidence supported the finding that it was in the children's best interests to terminate respondent's parental rights and enable the foster mother to adopt the children given that they have thrived in the foster home and bonded with the foster mother and her children (*see Matter of Myles N.*, 49 AD3d 381 [2008], *lv denied* 11 NY3d 709 [2008]). Contrary to respondent's contention, the circumstances presented do not warrant a suspended judgment. Concur—Saxe, J.P., Acosta, Freedman, Richter and Abdus-Salaam, JJ.