■ In the Matter of ERICA D., a Child Alleged to be Neglected. REBECCA M., Appellant; NEW YORK FOUNDLING HOSPITAL, Respondent. [942 NYS2d 788]—Order, Family Court, Bronx County (Anne-Marie Jolly, J.), entered on or about March 25, 2011, which, upon a fact-finding of permanent neglect, terminated respondent mother's parental rights and committed the custody and guardianship of the subject child to petitioner agency and the Administration for Children's Services, unanimously affirmed, without costs, with respect to the fact-finding, and the appeal therefrom otherwise dismissed, without costs, as taken from a nonappealable paper.

Although respondent failed to appear in person at the fact-finding hearing, her counsel appeared on her behalf and participated in the hearing. Thus, the fact-finding portion of the order was not entered on default and is appealable (*see Matter of Amani Dominique H. [Andre H.]*, 67 AD3d 466, 466-467 [2009]). The testimony at the fact-finding hearing provided clear and convincing evidence that the agency made diligent efforts to encourage the parent-child relationship and that these efforts were frustrated by respondent's lack of cooperation with the service plan and frequent failure to appear at scheduled visits (*see* Social Services Law § 384-b [7] [a]; *Matter of Lenny R.*, 22 AD3d 240 [2005], *lv denied* 6 NY3d 708 [2006]).

No appeal lies from the dispositional portion of the order, since it was entered on default (*see Matter of Aniya Evelyn R. [Yolanda R.]*, 77 AD3d 593 [2010]). Were we to review it, we would find that a preponderance of the evidence supported the finding that it was in the child's best interests to terminate respondent's parental rights and free her for adoption by her

foster parents, who are the child's aunt and uncle, have provided a loving and stable home for her, and wish to adopt her (*see Matter of Sukwa Sincere G. [Shamiqua Latisha S.]*, 88 AD3d 592 [2011]; *Matter of Aisha C.*, 58 AD3d 471 [2009], *lv denied* 12 NY3d 706 [2009]).

Contrary to respondent's contention, a suspended judgment is not warranted under the circumstances (*see Matter of Michael B.*, 80 NY2d 299, 311 [1992]). Concur—Mazzarelli, J.P., Acosta, Renwick and Richter, JJ.