Order of disposition, Family Court, New York County (Rhoda J. Cohen, J.), entered on or about May 11, 2012, which, after a hearing, found that respondent mother permanently neglected her child, terminated her parental rights, and committed the child to the joint custody of the Commissioner of Social Services and Lutheran Social Services of New York (the agency) for the purpose of adoption, unanimously affirmed, without costs.
*422 The mother failed to preserve her claim that the agency’s “case record,” consisting of progress notes for the relevant time period covered by the petition, should not have been admitted without an adequate testimonial foundation, and that it, therefore, did not suffice to prove a prima facie case of permanent neglect, and we decline to review it (Matter of Myles N, 49 AD3d 381, 381-382 [1st Dept 2008], lv denied 11 NY3d 709 [2008]; Matter of Isaiah R., 35 AD3d 249, 249 [1st Dept 2006]). In any event, on these facts, the records were properly admitted under the business record exception to the hearsay rule based on the certification and delegation of authority to sign the certification (see CPLR 4518 [a]). The certification stated that the document “was within the scope of the entrant’s business duty to record the act, transaction or occurrence sought to be admitted” and that each participant in the chain producing the record was acting within the course of regular business conduct (Matter of Leon RR, 48 NY2d 117, 122-123 [1979]; see also Matter of Shirley A.S. [David A.S.], 90 AD3d 1655, 1655 [4th Dept 2011], lv denied 18 NY3d 811 [2012]). While the caseworker who signed the certification did not specifically address those records in her testimony, as they were admitted without objection, her testimony confirmed that she was the agency caseworker assigned to Samantha’s case. Moreover, while the mother challenges the trustworthiness of those records, she cites no errors or evidence of any lack of trustworthiness, and in fact, her testimony was largely consistent with those progress notes.
The petitioner agency established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship, including arranging for visitation with the child and referring the mother to programs for drug treatment and money management, and assisting her with her housing concerns, whereas the mother failed to keep numerous appointments, even after the agency assisted her with rescheduling, and more importantly, failed to take appropriate steps to provide a clean and suitable home for the child (see Matter of Sheila G., 61 NY2d 368 [1984]; Matter of Amilya Jayla S. [Princess Debbie A.], 83 AD3d 582 [1st Dept 2011]; Social Services Law § 384-b [3] [g] [i]; [7] [a]).
Contrary to the mother’s arguments, the Family Court properly terminated her parental rights. No suspended judgment was warranted, as the mother plainly admitted at the dispositional hearing that she was not ready to care for the child because she was still in single room occupancy housing where children were not allowed, and she was unemployed. She *423 further had no school plans or appropriate medical care for the child. In the absence of any steps to accomplish that which she had not done in the intervening year between the fact-finding and dispositional hearings, the Family Court properly determined that it was in the child’s best interests to be freed for adoption by her present foster parents with whom she had lived for most of her life, and where she was well cared for (see e.g. Matter of Erica D. [Rebecca M.], 95 AD3d 414, 414-415 [1st Dept 2012]; see also Matter of Michael B., 80 NY2d 299, 311 [1992]). Concur — Andrias, J.P., Acosta, Moskowitz, Richter and Manzanet-Daniels, JJ.