■ In the Matter of FELICIA MALON ROGUE J., Also Known as FELICIA J. and Another, Infants. LENA J., Appellant; LITTLE FLOWER CHILDREN AND FAMILY SERVICES OF NEW YORK, Respondent. [46 NYS3d 66]—

Orders of disposition, Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about May 29, 2015, which, upon a finding, upon respondent's default, of permanent neglect, terminated her parental rights, and committed the custody of the children to the Commissioner of Social Services and petitioner agency for the purpose of adoption, unanimously affirmed, without costs.

Respondent may not challenge the fact-finding determination of permanent neglect, including whether the agency

expended diligent efforts to strengthen the parental relationship between her and the children, because it was entered upon her default and she has not moved for vacatur (*see* CPLR 5511; *Matter of Aliyah Julia N. [Cecelia Lee N.]*, 81 AD3d 519, 519-520 [1st Dept 2011]; *Matter of Natalie Maria D. [Miguel D.]*, 73 AD3d 536, 536 [1st Dept 2010]).

Even if the Family Court's fact-finding determination were properly before this Court, the finding of permanent neglect was supported by clear and convincing evidence because the record shows that the agency expended diligent efforts by meeting with respondent and discussing with her the necessity of completing her service plan, scheduling visitation, providing reimbursement for respondent's traveling expenses and attempting to contact respondent's upstate service providers to monitor her progress with her mental health treatment, parenting skills training program and anger management class (*see Matter of Isaac A.F. [Crystal F.]*, 133 AD3d 515, 515 [1st Dept 2015], *lv denied* 27 NY3d 901 [2016]). The record also shows that respondent permanently neglected the children despite the agency's diligent efforts, because she only visited them five times between April 2010 and April 2011, never provided a certificate of completion for parenting or anger management classes and refused to sign releases to allow the agency to verify her compliance with her service plan within the scheduled time frame, or to plan for the children's return (*see Matter of Aisha C.*, 58 AD3d 471 [1st Dept 2009], *lv denied* 12 NY3d 706 [2009]; *Matter of Rueben Doulphus R.*, 11 AD3d 398, 398-399 [1st Dept 2004], *lv denied, dismissed* 4 NY3d 759 [2005]).

A preponderance of the evidence supports the Family Court's determination that it was in the children's best interest to terminate respondent's parental rights and free them for adoption (*see Matter of Mykle Andrew P.*, 55 AD3d 305, 306 [1st Dept 2008]). The children have lived most of their lives with the foster father with whom they maintained a positive relationship, and who has provided for their special needs and wants to adopt them (*see Matter of Jada Serenity H.*, 60 AD3d 469 [1st Dept 2009]).

A suspended judgment was not appropriate here, because there was no evidence that respondent had a realistic and feasible plan to provide an adequate and stable home for the children (*see Matter of Dominique Leonard P.*, 33 AD3d 359 [1st Dept 2006], *lv denied* 8 NY3d 803 [2007]). The record also shows that respondent significantly delayed in addressing her mental health treatment, which remained unresolved at the

time of disposition *(see Matter of Shaqualle Khalif W. [Denise W.],* 96 AD3d 698, 699 [1st Dept 2012]). Concur—Friedman, J.P., Renwick, Saxe and Gische, JJ.