Quiros v Hawkins (2020 NY Slip Op 01020)





Quiros v Hawkins


2020 NY Slip Op 01020


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Richter, J.P., Manzanet-Daniels, Gesmer, Singh, JJ.


11022 152245/16

[*1] Bienvenido Quiros, Plaintiff-Appellant,
v
William A. Hawkins, et al., Defendants-Respondents.


Subin Associates, LLP, New York (Robert J. Eisen of counsel), for appellant.
Zaklukiewicz, Puzo & Morrissey LLP, Islip Terrace (Jenny L. Lazar of counsel), for respondents.



Order, Supreme Court, New York County (Adam Silvera, J.), entered April 12, 2018, which denied plaintiff's motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion granted.
It is well established that a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the rear vehicle's driver, and imposes a duty upon the driver of the rear vehicle to come forward with an adequate nonnegligent explanation for the accident (see e.g. Williams v Kadri 112 AD3d 422 [1st Dept 2013]).
Here, defendants' contention that their vehicle's brake failure was the cause of the accident was insufficient to raise a triable issue of fact as to liability. Defendants failed to satisfy the two-pronged showing that the accident was caused by an unanticipated problem with the vehicle's brakes, and that they exercised reasonable care to keep the brakes in good working order (see Tselebis v Ryder Truck Rental, Inc., 72 AD3d 198, 200 [1st Dept 2010]; Normoyle v New York City Tr. Auth., 181 AD2d 498 [1st Dept 1992]]).
Summary judgment in plaintiff's favor is not premature. Both plaintiff and defendant driver had firsthand knowledge of the accident, and submitted affidavits. However, defendants did not submit any evidence concerning maintenance of their vehicle. Defendants only speculate that there may be facts supporting their opposition to plaintiff's motion which exist but cannot yet be stated (see Reyes v Se Park, 127 AD3d 459, 462 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK