Matter of Monique J. v Keith S. (2020 NY Slip Op 05677)





Matter of Monique J. v Keith S.


2020 NY Slip Op 05677


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Webber, J.P., Mazzarelli, Oing, Shulman, JJ. 


Docket No. V2675-17/18D Appeal No. 12028 Case No. 2019-03498 

[*1]In re Monique J., Petitioner-Respondent,
v
Keith S., Respondent-Appellant.


Carol L. Kahn, New York, for appellant.
Simpson Thacher & Bartlett LLP, New York (Mary Beth Forshaw of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.



Order, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about July 12, 2019, which, after a trial, granted the mother's petition to modify a prior custody order, and awarded her sole legal custody of the subject child with permission to move to North Carolina, unanimously affirmed, without costs.
Contrary to the father's contention, there is no basis to disturb the court's determination that the mother credibly testified that he perpetrated acts of domestic violence against her, which gave rise to a finding of neglect being entered against him (see Matter of Keenan S. [Keith S.], 180 AD3d 500 [1 st Dept 2020], lv dismissed 35 NY3d 1035 [2020]. Further, the court's determination that it was in the best interests of the child to modify the parents' joint custody agreement and award the mother sole legal custody has a sound and substantial basis in the record (see Matter of Deanna V. v Michael C., 179 AD3d 445, 446 [1st Dept 2020]). The mother has been the child's primary caretaker since birth and has closely managed his extensive educational and medical needs, with little to no participation by the father.
In addition, the court considered all the relevant factors and properly concluded that the proposed relocation to North Carolina would serve the child's best interests (see Matter of Tropea v Tropea, 87 NY2d 727, 739-741 [1996]). The mother showed that the move would improve the child's quality of life since she would have family support, educational and medical resources, and employment opportunities (see Kevin McK. v Elizabeth A.E., 111 AD3d 124, 131 [1st Dept 2013]). The father's concern that a move would disrupt the child's continuity of medical care is unfounded, as the mother testified that she has already consulted with the child's doctors in New York and arranged for them to consult with the medical team at the hospital in North Carolina in advance of their arrival. Meanwhile, the father admitted that he had not researched the hospital in North Carolina or contacted any of its doctors, despite his stated concerns. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020