Matter of Serenity H. (Shantell F.) (2021 NY Slip Op 06799)





Matter of Serenity H. (Shantell F.)


2021 NY Slip Op 06799


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Acosta, P.J., Gische, Webber, Friedman, Kennedy, JJ. 


Docket No. B-25631/18, B-25632/18 B-25633/18, B-25634/18, B-25635/18, B-25636/18 Appeal No. 14785-14785A Case No. 2021-00452 

[*1]In the Matter of Serenity H. and Others, et al., Children Under Eighteen Years of Age, etc., Shantell F., Respondent-Appellant, Sheltering Arms Children and Family Services, Petitioner-Respondent.


Andrew J. Baer, New York, for appellant.
Dawn M. Shammas, New York, for respondent.
Daniel R. Katz, New York, attorney for the children Serenity H., Kwanasia H., Stanasia H., Shamiya G. and Trinity H.
Kenneth M. Tuccillo, Hasting on Hudson, attorney for the child Mariah M.



Orders of fact-finding and disposition, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about December 15, 2020, which, upon a finding of permanent neglect upon default, terminated respondent mother's parental rights to the six subject children and committed custody and guardianship of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
The finding of termination of respondent's parental rights was in the children's best interests and is supported by a preponderance of the evidence (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]; Matter of Taaliyah Simone S.D., 28 AD3d 371 [1st Dept 2006]). Respondent had failed over an extended period to comply with her service plan, including refusing to allow the agency to conduct home visits and failing to regularly attend therapeutic visitations arranged by the agency. By contrast, the children had all lived for several years in kinship and nonkinship pre-adoptive foster homes where their needs were met.
In light of respondent's failure to offer a viable plan, including a plan for safe housing, lack of insight into her problems, lack of acknowledgment of one child's special needs, and failure to comply with the agency's required services, a "suspended judgment would serve only to prolong [the children's] lack of permanence, and would not have been in [their] best interest" (Matter of Tion Lavon J. [Saadiasha J.], 159 AD3d 579, 580 [1st Dept 2018]; see Matter of Ziah X.C. [Kevin C.], 172 AD3d 549, 549-550 [1st Dept 2019]; Matter of Felicia Malon Rogue J. [Lena J.], 146 AD3d 725, 726 [1st Dept 2017]).
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021