| |
|---|
| **Gil-Allende v Myung Jae Shun** |
| 2024 NY Slip Op 32533(U) |
| July 22, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 150991/2023 |
| Judge: James G. Clynes |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. JAMES G. CLYNES**                          PART                    22M

*Justice*

---------------------------------------------------------------X

PABLO GIL-ALLENDE,

                Plaintiff,

        - v -

MYUNG JAE SHUN, B&J AMERICAN ELECTRIC LLC,
WILLIAM S. MUNOZ, JOHN DOES 1-10, ABC CORP. 1-10

                Defendants.

---------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150991/2023 |
| MOTION DATE | 05/12/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23

were read on this motion to/for                JUDGMENT - SUMMARY       .

Upon the foregoing documents, the motion by Defendant William S. Munoz ("Munoz") for summary judgment pursuant to CPLR 3212 on the issue of dismissing Plaintiff's complaint and cross claims by co-Defendants is decided as follows:

Plaintiff seeks to recover for injuries allegedly sustained as a result of a February 3, 2021 motor vehicle accident between a motor vehicle owned and operated by Plaintiff, a motor vehicle owned by Defendant B&J American Electric LLC and operated by Defendant Myung Jae Shun, and a motor vehicle owned and operated by Munoz in the Lincoln Tunnel.

The standards of summary judgment are well settled. To grant summary judgment, it must be clear that no material or triable issues of fact are presented (*see Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]). "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York University Medical Center*, 64 NY2d 851, 853 [1985]). Once such entitlement has been demonstrated by the moving party, the burden shifts to the party opposing the motion to "demonstrate by admissible

150991/2023   GIL-ALLENDE, PABLO vs. SHUN, MYUNG JAE ET AL
Motion No. 001

Page 1 of 4

1 of 4

[* 1]

evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure...to do [so]" (*Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]).

"It is well established that a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the rear vehicle's driver and imposes a duty upon the driver of the rear vehicle to come forward with an adequate nonnegligent explanation for the accident" (*Quiros v Hawkins*, 180 AD3d 500 [1st Dept 2020], *citing Williams v Kadri*, 112 AD3d 422 [1st Dept 2013])

In support of the motion, Munoz partially relies on an uncertified police accident report. As an initial matter, in opposition, Plaintiff addresses that the police accident report is uncertified. The Court finds that the uncertified police accident report is inadmissible (*Coleman v Maclas*, 61 AD3d 569 [1st Dept 2009]). Although the report is signed by the reporting police officer, it is not certified as a business record, and Munoz does not submit an affidavit or other sworn evidence from someone with personal knowledge of the police report's authenticity or accuracy (*Fay v Vargas*, 67 AD3d 568 [1st Dept 2009]).

Munoz also relies on his affidavit in which avers that at the time of the accident, he was the owner and operator of a 2016 Lexus. Munoz avers that he was traveling in the Lincoln Tunnel towards Manhattan and that traffic began to slow down and the car in front of him came to a gradual stop. Munoz avers that he also came to a gradual stop. Munoz further avers that while stopped, the truck traveling behind him hit the rear of his vehicle, pushing it into the vehicle in front of him.

In opposition, Plaintiff relies on an attorney affirmation. New York courts have consistently held an attorney's affirmation to be inadequate to oppose a summary judgment motion (*see GTF Marketying Inc. v Colonial Aluminum Sales*, Inc., 66 NY2d 965,968 [1985]). Without more, such as an affidavit or testimony from a person with first-hand knowledge, Plaintiff's

150991/2023  GIL-ALLENDE, PABLO vs. SHUN, MYUNG JAE ET AL
Motion No. 001

Page 2 of 4

opposition fails to raise an issue of fact sufficient to preclude a determination of summary judgment in favor of Defendant. Plaintiff contends that Munoz's motion is premature because depositions were scheduled to be completed by March 9, 2024, but have yet to be conducted.

Defendants Myung Jae Shun and B&J American Electric LLC did not oppose the motion.

In reply, Munoz contends that Plaintiff's attorney affirmation is insufficient, and that Plaintiff fails to raise an issue of fact. Munoz further contends that Plaintiff's argument that Munoz's motion for summary judgment is premature is insufficient and that Plaintiff failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence. The Court agrees. "The mere hope that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny such a motion" (*Flores v City of NY*, 66 AD3d 599, 600 [1st Dept 2009]). Plaintiff's argument that Munoz's summary judgment motion was premature because depositions have yet to be completed is an insufficient basis for denying the motion since the relevant facts would be within Plaintiff's knowledge (*Santana v Danco Inc.*, 115 AD3d 560 [1st Dept 2014]).

"In a chain-reaction collision, responsibility presumptively rests with the rearmost driver [...]" (Mustafaj v Driscoll, 5 AD3d 138 [1st Dept 2004] [internal citations omitted]). In Mustafaj, the plaintiff was a passenger in the first vehicle of a three-car collision, resulting in the plaintiff's injuries. The second vehicle in the collision was stopped behind the plaintiff's vehicle when it was struck in the rear by the third vehicle propelling it forward into the rear of plaintiff's vehicle (Id. at 138, 139). The court found it to be undisputed that the third car first rear-ended the second car, propelling it forward and that the plaintiff failed to raise a triable issue sufficient to defeat the second vehicle defendant's motion for summary judgment (Id. at 139). Like *Mustafaj*, it is undisputed that Munoz's vehicle was at a complete stop when it was hit in the rear by Defendants' vehicle, propelling Munoz forward into Plaintiff's vehicle. Munoz established that his car was in

150991/2023  GIL-ALLENDE, PABLO vs. SHUN, MYUNG JAE ET AL
Motion No. 001

Page 3 of 4

3 of 4

[* 3]

the middle of a chain collision and is not responsible for Plaintiff's injuries (*see Butler v Petrova,* 116 AD3d 580 [1st Dept 2014]). The motion is granted. Accordingly, it is

**ORDERED** that the motion of Defendant William S. Munoz to dismiss the complaint herein is granted and the complaint is dismissed in its entirety as against said Defendant and the Clerk is directed to enter judgment accordingly in favor of said Defendant; and it is further

**ORDERED** that the action is severed and continued against the remaining Defendants; and it is further

**ORDERED** that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

**ORDERED** that counsel for the moving party shall serve a copy of this order with Notice of Entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the Decision and Order of the Court.

| 7/22/2024 | | | | JAMES G. CLYNES, J.S.C. |
| **DATE** | | | | |

| CHECK ONE: | | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | X | | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**150991/2023 GIL-ALLENDE, PABLO vs. SHUN, MYUNG JAE ET AL**
Motion No. 001

**Page 4 of 4**