Matter of Jaden S. (Jade S.) v New Alternatives for Children, Inc. (2024 NY Slip Op 05907)

Matter of Jaden S. (Jade S.) v New Alternatives for Children, Inc.

2024 NY Slip Op 05907

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Manzanet-Daniels, J.P., González, Scarpulla, Shulman, Higgitt, JJ. 

Docket No. B04879/21, B04880/21 Appeal No. 3106-3106A Case No. 2023-05967 

[*1]In the Matter of Jaden S. also known as "No Given Name" S., et al., Children Under Eighteen Years of Age, etc., Jade S. Respondent-Appellant,
v
New Alternatives for Children, Inc., Petitioner-Respondent.

Jay A. Maller, New York, for appellant.
Dawn M. Shammas, New York, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the children.

Orders of fact finding and disposition (one paper), Family Court, New York County (Maria Arias, J.), entered on or about October 27, 2023, which, upon findings of permanent neglect, terminated respondent mother's parental rights to the subject children and transferred custody of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
The findings of permanent neglect were supported by clear and convincing evidence. The record shows that the agency expended diligent efforts by offering the mother frequent visitation, attempting to engage her in planning, discussing with her the importance of compliance with her service plan, referring her for random toxicology screens and providing her with transportation, referring her to free therapy through the agency, and repeatedly attempting home visits of her apartment (see Matter of Messiah G. [Giselle F.], 168 AD3d 420, 421 [1st Dept 2019], lv dismissed in part, denied in part, 32 NY3d 1212 [2019]).
Despite these diligent efforts, the mother repeatedly failed to submit to toxicology screens, instead offering a multitude of excuses, despite understanding that her refusal was a barrier to the children's return (see Matter of Aniya Evelyn R. [Yolanda R.], 77 AD3d 593, 593-594 [1st Dept 2010]). The mother also refused to allow the agency to visit her home, last allowing the agency access in 2020, despite understanding her refusal was an issue. Moreover, the mother continued to consume alcohol, on and off, and failed to visit the children consistently, despite understanding what was expected of her (see Matter of Alexis Alexandra G. [Brandy H.], 134 AD3d 547, 548 [1st Dept 2015]; Matter of Alford Isaiah B. [Alford B.], 107 AD3d 562, 562 [1st Dept 2013])
A preponderance of the evidence supported Family Court's determination that it was in the children's best interests to terminate the mother's parental rights and free them for adoption by their respective, long-term foster parents, who wish to adopt them, and have been providing appropriate care and meeting their special needs (see Matter of Taaliyah Simone S.D., 28 AD3d 371 [1st Dept 2006]). A suspended judgment was not appropriate here because there was no evidence that further delay would result in family reunification, and the children deserved permanency (see Matter of Felicia Malon Rogue J. [Lena J.], 146 AD3d 725, 726 [1st Dept 2017]).
Furthermore, to the extent the mother takes issue with the agency's presentation of its case by introduction of the case record, her argument is both unpreserved and unavailing. Even if the agency relied solely on its progress notes, instead of offering the testimony of the agency caseworker, the progress notes were not the sole evidence supporting the permanent neglect finding, which was amply supported by the mother's testimony (see Matter of Elizabeth E.R.T. [Alicia T.], 168 AD3d 448, 449 [1st Dept 2019]).
We have considered the mother's [*2]remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024