Matter of K.J.L. v C. L. (2025 NY Slip Op 03972)

Matter of K.J.L. v C. L.

2025 NY Slip Op 03972

Decided on July 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 01, 2025

Before: Moulton, J.P., Gesmer, Pitt-Burke, Higgitt, Michael, JJ. 

Docket No. B-37406/23, B-37407/23|Appeal No. 4660-4660A|Case No. 2024-07033|

[*1]In the Matter of K.J.L., and Another, Catholic Guardian Services, Petitioner-Respondent,
v
C. L., Respondent-Appellant. 

Jay A. Maller, New York, for appellant.
Catholic Guardian Services, Bronx (Kirk Passamonti of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the children.

Orders of fact-finding and disposition (one paper), Family Court, Bronx County (Karen M.C. Cortes, J.), entered on or about November 19, 2024, which, to the extent appealed from as limited by the briefs, upon findings of permanent neglect, terminated the mother's parental rights to the subject children and transferred care and custody of the children to petitioner agency and the Commissioner of the Administration of Children Services for the purpose of adoption, unanimously affirmed, without costs.
A preponderance of the evidence supports Family Court's finding that termination of the mother's parental rights is in the children's best interests (see Matter of Isiah Steven A. [Anne Elizabeth Pierre L.], 100 AD3d 559, 560 [1st Dept 2012], lv denied 20 NY2d 859 [2013]; Matter of Celeste M., 180 AD2d 437, 438 [1st Dept 1992]). The children entered foster care in March 2021, when the older child was nine years old and the younger child, who is autistic and nonverbal, was six years old. Both children were placed in foster homes where their needs were being met, and their foster parents wished to adopt them. Family Court properly rejected the alternative of a suspended judgment, as it would not likely have resulted in resolution of the mother's substantial difficulties, which she failed to address over a period of years (see Matter of Raul R. [III] [Raul R.—Cinthia R.], 199 AD3d 594, 595 [1st Dept 2021], lv denied 38 NY3d 944 [2022]). The testimony by the caseworkers and the mother established that the mother had failed to complete her service plan, which required her, among other things, to receive substance abuse and mental health treatment, submit to random drug screenings, complete a parenting class for children with special needs, allow the agency's case workers access to her home, and regularly visit the children.
Although the mother contends that the court did not adequately consider her close bond with the children or the fact that her visits with them went well, the record presents no evidence that she had a realistic and feasible plan to provide the children with an adequate and stable home (see Matter of Felicia Malon Rogue J. [Lena J.], 146 AD3d 725, 726 [1st Dept 2017]; Matter of Andrea L.P. [Cassandra M.P.], 156 AD3d 413, 414 [1st Dept 2017]). After spending over three years in foster care, the children are entitled to a stable family home without further delay (see Matter of Malachi P. [Georgette P.], 142 AD3d 883, 884 [1st Dept 2016]).
The attorney for the older child asks that the matter be remanded for a new dispositional hearing because he wishes to return to the mother's care. However, since the child is not yet 14 years old, his consent to adoption is not required (Domestic Relations Law § 111), and there has been no indication that there has been any change in circumstances in the foster home or otherwise that would warrant a new dispositional hearing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE [*2]DIVISION, FIRST DEPARTMENT.
ENTERED: July 1, 2025